Brendel, *et al. vs.* Zion Church of the City of Baltimore.

(Decided 11th June, 1889.)

JOHN G. BRENDEL, and others *vs.* THE ZION CHURCH OF THE CITY OF BALTIMORE.

*Sale of a Burial ground under the Act of 1868, ch. 211—Extent of the Interest acquired by the Purchasers—Title of Purchaser of the Reversion in Fee.*

Where the leasehold interest in a lot of ground which had been conveyed to trustees for burial purposes, is sold under the Act of 1868, ch. 211, (sec. 92 of Art. 16 of the Code) the lot having ceased to be used for such purposes, the purchasers acquire the entire leasehold interest of the lessee, and also the interest of the lot-holders, whether such lot-holders "be residents or non-residents, adults or infants."

Where the reversion in fee in such burial lot is sold under a decree in partition, pending an appeal in which no bond is given by the appellants, the title of the purchaser is in no wise affected by the fact that the appeal resulted in a reversal, the decree having been passed by a Court having jurisdiction of the parties and the subject-matter.

Brendel, *et al. vs.* Zion Church of the City of Baltimore.

APPEAL from the Circuit Court of Baltimore City.

The bill of complaint in this case was filed by John G. Brendel and others, against The Zion Church of the City of Baltimore, and others, to remove an alleged cloud upon their alleged title to certain land in the City of Baltimore. The Circuit Court (WRIGHT, J.,) passed a decree staying further proceedings in the cause. From this decree the complainants appealed. The case is further stated in the opinion of this Court.

The cause was argued for the appellee before ALVEY, C. J., MILLER, ROBINSON, BRYAN, and McSHERRY, J., and submitted for the appellants.

*Thomas Hughes,* for the appellants.

*W. Burns Trundle,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a plain case. The appellants, it is clear, have no interest, legal or equitable, in the lot of ground in controversy. This lot was bought by Frederick Brendel in 1804, for the German Lutheran Church of Baltimore City, to be used as a burial ground. The legal title was taken in the name of Brendel, and he thereupon leased the lot to the trustees of said church for a term of ninety-nine years, renewable forever, upon the payment of an *annual rent of six cents, if demanded.* Upon the execution of this lease the trustees entered into possession of the lot, and used it as a burial ground till 1830, a period of more than twenty years. The German Lutheran Church was then duly incorporated under the name of "The Zion Church of the City of Baltimore," and the leasehold interest was conveyed to the trustees of the newly incorporated church, by whom it was held till 1874, when, being no longer used for burial purposes, it

was sold under the Act of 1868, chap. 211, (sec. 92, Art. 16, of the Code.) The purchasers under this sale acquired the entire leasehold interest of the lessee, and also the interest of the lot-holders, whether such lot-holders, says the Act, "be residents or non-residents, adults or infants."

So much then, for the leasehold estate conveyed to and held by the trustees of Zion Church. There was, as we have seen, an outstanding reversion in fee in the heirs and devisees of Brendel, the original lessor. Now, in 1874, a bill was filed by Jonathan Klopp and wife, for the sale of this reversionary interest, on the ground that it was not susceptible of partition among the parties in interest, without loss and injury. To this suit the appellants were parties, and in their answer objected to the sale of the lot,—first, on the ground that it was susceptible of partition; and, secondly, because, as they alleged, the lease to the trustees of Zion Church was a void lease, and no title, therefore, passed to the lessees, and that the heirs and devisees of Brendel, the lessor, were entitled to the lot in fee. A decree, however, was passed for the sale of the lot, from which an appeal was taken, and the decree reversed, on the ground that the Court below ought to have given the parties a reasonable time to test the validity of the lease. Now, the Code provides that no appeal from any order or decree of a Court of equity shall stay the execution or suspend the operation of such order or decree, unless the party praying the appeal shall give bond, &c. Sections 27 and 51, of Article 5, of the Code. No bond was filed in this case, nor was there any order of the Court below or by the Court of Appeals staying the execution of the decree pending the appeal. And such being the case, the reversionary interest in fee, was sold at public auction by the trustee named in the decree, and the fact that the decree was reversed on appeal, in no manner affected the title of the

purchaser. It is well settled that a purchaser under a decree passed by a Court of competent jurisdiction acquires the title and interest of the parties to the cause, even though such decree may be subsequently reversed. The parties in interest in such cases may be entitled to the proceeds of sale, but the title of the purchaser will not be disturbed. *Chase vs. McDonald & Ridgely*, 7 *H. & J.*, 161, 199; *Wampler vs. Wolfinger & Strite*, 13 *Md.*, 348; *Magruder vs. Peter*, 11 *G. & J.*, 217; *Newbold vs. Schlens*, 66 *Md.*, 591.

The *leasehold interest* and the *reversion in fee* having thus been sold under decrees passed by a Court having jurisdiction of the parties and the subject-matter, the appellants *claiming* under *Brendel, the original* lessor, it is clear can have no interest, legal or equitable, in the lot of ground now in controversy. The decree will therefore be affirmed.

*Decree affirmed.*

