UNITED STATES *v.* NATIONAL EXCHANGE BANK
OF BALTIMORE.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FOURTH
CIRCUIT.

No. 222.  Argued March 16, 1926.—Decided April 12, 1926.

1. A drawee of a check or draft who is also the drawer is held, in paying it, to a knowledge of the true amount, and if, by mistake,

he pay to a *bona fide* holder for value without notice a larger amount to which the paper has been fraudulently raised, he can not recover the difference from such holder.　P. 533.

2. This rule is applicable to the United States.

So *held* where a check was drawn on the Treasurer of the United States by a disbursing clerk of the Veterans' Bureau; raised and negotiated by the payee; and in due course taken and paid for at its fraudulent face by the defendant bank, which collected the same amount from the United States.

1 Fed. (2d) 888, affirmed.

ERROR to a judgment of the Circuit Court of Appeals affirming a judgment for the Bank in an action by the United States to recover the difference between the amount to which a check paid by it had been fraudulently raised and the amount for which it was drawn.

*Mr. Gardner P. Lloyd,* Special Assistant to the Attorney General, with whom *Solicitor General Mitchell* was on the brief, for the United States.

It is a general rule that a payment made under mistake of fact may be recovered.　There is, it is true, an exception in the case of commercial paper.　This exception is that where, from the situation of the parties, the person paying an instrument may be assumed to know certain facts concerning the instrument, he can not recover the payment because of a mistake as to those facts.　Thus a drawee may be assumed to know his drawer's signature and can not recover a payment made upon an instrument to which the drawer's signature is a forgery.　But ordinarily it can not be assumed that the drawee knows the amount of the instrument or anything more than the signature of the drawer, and he may therefore recover any amount paid on a raised instrument in excess of the amount originally called for.　However, if the drawer and the drawee are the same person, he may be assumed to know the amount of the instrument as well as his own signature and can not recover a payment made on an

instrument the amount of which has been fraudulently raised. In the present case the drawer and the drawee were not the same. That both were agents of the United States is no basis for an assumption that the Treasurer knew, or should have known, all facts known to the disbursing clerk. The case is therefore within the general rule that a payment made under a mistake of fact may be recovered, and not within the exception. *Price* v. *Neal,* 3 Burr. 1354; 4 Harv. L. Rev. 297; *United States* v. *Natl. Exch. Bank,* 214 U. S. 302; *Espy* v. *Bank of Cincinnati,* 18 Wall. 604; *White* v. *Cont. Natl. Bank,* 64 N. Y. 316; *Parke* v. *Roser,* 67 Ind. 500; *City Bank* v. *Natl. Bank,* 45 Tex. 203; *Redington* v. *Woods,* 45 Cal. 406; *United States Bank* v. *Bank of Georgia,* 10 Wheat. 333; *Cooke* v. *United States,* 91 U. S. 389; *United States* v. *Chase Natl. Bank,* 252 U. S. 485; *United States* v. *Bank of New York,* 219 Fed. 648; §§ 62, 139, and 141, Negotiable Instruments Law; Brannan, Negotiable Instruments Law, 3d ed., 225; *McClendon* v. *Bank of Advance,* 188 Mo. App. 417; *Interstate Trust Co.* v. *United States Natl. Bank,* 67 Colo. 6; *Amer. Homing Co.* v. *Milliken Natl. Bank,* 273 Fed. 550; *First Natl. Bank* v. *United States Natl. Bank,* 100 Ore. 264; *Cherokee Natl. Bank* v. *Union Trust Co.,* 33 Okla. 342.

It is no doubt true, on general principles of agency, that where one holds commercial paper, not as the owner thereof, but merely for collection as agent for another, the drawee who pays the paper with knowledge or notice of the agency can not recover from the agent if he has paid the proceeds over to his principal before receiving notice of any defect in the paper. But in this case it appears from the declaration that the defendant received the check for value in the usual course of business and was not merely an agent to collect, and therefore the plaintiff can recover without alleging that the defendant, before paying over the proceeds to the bank from which

it received the check, had notice that the check has been fraudulently raised. *Schutz* v. *Jordan*, 141 U. S. 213; *Woods* v. *Colony Bank*, 114 Ga. 683; Negotiable Instruments Law, §§ 31–38.

It is apparent in the present case, first, that the indorsement placed on the check by the Bank of Commerce is, on its face, unrestricted; second, that regardless of what the defendant might prove on a trial, it does not appear from the pleadings that there is any custom among banks to use such an indorsement for collection only and not where it is the intention to transfer title to an instrument; and third, that even if there were such a custom it should not be permitted to vary the unrestricted language of the indorsement.

*Messrs. G. Ridgely Sappington* and *Charles G. Baldwin* for defendant in error.

This action is barred by the rule that as between two parties having equal equities, one of whom must suffer, the legal title will prevail, and the action for money had and received will not lie to compel the holder to surrender his legal advantage.

The doctrine of *Price* v. *Neal*, 3 Burr. 1354, has been generally approved in the United States. *Bank of United States* v. *Bank of Georgia*, 10 Wheat. 333; *Gloucester Bank* v. *Salem Bank*, 17 Mass. 32; *United States* v. *Chase Natl. Bank*, 252 U. S. 485; *United States* v. *Natl. Exch. Bank*, 214 U. S. 302; *Deposit Bank* v. *Fayette Natl. Bank*, 90 Ky. 10; *Dedham Natl. Bank* v. *Everett Natl. Bank*, 177 Mass. 392; *Comm. & Farmers Nat. Bank* v. *First Natl. Bank*, 30 Md. 11. Although there is no logical reason why the rule in *Price* v. *Neal* should not be applied in cases where the forgery consists in raising the amount of the check, as well as in cases where the drawer's signature is forged, yet this distinction has been made by many courts, including this Court. It is

to be attributed to the influence of the doctrine of negligence on the general rule as laid down by Lord Mansfield. This is shown by the fact that in drawing the distinction the statement is made that a bank is bound to know the signature of its depositor, the drawer, but is not bound to know the amount for which the check was drawn. *Espy* v. *Bank of Cincinnati,* 18 Wall. 604. There is a manifest distinction between *Bank of United States* v. *Bank of Georgia* and *Espy* v. *Bank of Cincinnati,* and that distinction is vital in the consideration of the case at bar. It is that in the former the drawer and drawee were the same person, while in the latter they were different persons.

Of course, the rule laid down in *Price* v. *Neal* as to the drawee applies with all the more force when the drawer and the drawee are the same. In such cases payment is an adoption of the paper by such drawer-drawee. *Bank of United States* v. *Bank of Georgia,* 10 Wheat. 333; *United States* v. *Bank of New York,* 219 Fed. 648; *Jones* v. *Miners & Merchants Bank,* 144 Mo. App. 428; *Johnston* v. *Commercial Bank,* 27 W. Va. 343; *Cooke* v. *United States,* 91 U. S. 389; *Leather Mfrs. Nat. Bank* v. *Morgan,* 117 U. S. 96; *Hoffman* v. *Bank of Milwaukee,* 10 Wall. 181.

The Uniform Negotiable Instruments Act adopts the doctrine in *Price* v. *Neal* as applicable to a " raised check," and puts an end to the distinction heretofore made between a " raised " check and one on which the drawer's name is forged, even in cases where the drawer and drawee are not the same.

The defendant in error, as a collecting bank, is not liable in this action, because the plaintiff in error failed to make demand for the return of the money before it was paid over by the defendant in error to its principal. The collecting bank which presents to the drawee a check purporting to have been drawn by that drawee on him-

self has a perfect right to assume that if it is paid, the drawee, who has knowledge of the facts, has used that knowledge, and, when the collecting bank then pays the money over to its principal, it would be most inequitable for a court to change the loss which has thus been occasioned from the one whose negligence has occasioned it to the one who has been without negligence. This rule has been invariably applied in cases involving a collecting bank, and is supported not only by the doctrine in *Price* v. *Neal*, but also by the qualification to the right to recover money paid under a mistake, that the recovery can only be had provided the recipient of the payment is not placed in a worse position.

It is true that the declaration in this case does not set forth the date when the plaintiff in error made demand upon the defendant in error for the return of the money, but as it is essential to recovery that such demand be made prior to the payment of the money by the defendant in error to its principal, the Court will construe this ambiguity against the pleader, and assume that the demand was not made until after the money had been so paid over.

That the defendant in error was a collecting bank is shown by the indorsements on the check. The indorsement "Pay to the order of any bank, banker or trust company," placed thereon by the Bank of Commerce constituted the defendant in error as agent for collection only, and was notice to the plaintiff in error of that fact.

Neither does the indorsement placed on the check by the defendant in error, "Received payments through the Baltimore Clearing House, Indorsements guaranteed," make it liable in this action. It is to be noted that there is no intention here to transfer the paper, the indorsement being nothing but a receipt for the payment of the money, and therefore the only part to be considered is the effect of the words "Indorsements guaranteed."

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit brought by the United States to recover the difference between the amount to which a check paid by it had been fraudulently raised and the amount for which the check was drawn. The case was heard upon a demurrer to the declaration and the judgment was for the defendant both in the District Court and in the Circuit Court of Appeals, 1 Fed. (2d) 888. The facts alleged are as follows: A disbursing clerk drew a United States Veterans' Bureau check upon the Treasurer of the United States in favor of one Beck, for $47.50. After it was issued the check was changed so as to call for $4750. Beck endorsed it to a bank of South Carolina and received the amount of the altered check. That bank endorsed it " Pay to the order of Any Bank, Banker, or Trust Company. All prior endorsements guaranteed, June 3, 1922," negotiated it to the defendant, and received the same amount. The defendant endorsed the check " Received Payment Through the Baltimore Clearing House, Endorsements Guaranteed, June 5th, 1922," delivered it to and received the same amount from the Baltimore Branch of the Federal Reserve Bank of Richmond, the agent of the plaintiff, which forwarded the check to the Treasurer of the United States and was given credit for $4750. The Baltimore Branch had no notice of the fraudulent change.

The Government argues that acceptance or payment of a draft or check although it vouches for the signature of the drawer does not vouch for the body of the instrument, *Espy* v. *First National Bank of Cincinnati*, 18 Wall. 604; that this rule is not changed by § 62 of the Uniform Negotiable Instruments Law, Article 13, § 81, Maryland Code of Public General Laws: " The acceptor, by accepting the instrument, engages that he will pay it according to the tenor of his acceptance "; that the drawer and

drawee of the check were not the same in such sense as to charge the drawee with knowledge of the amount of the check, and that therefore the United States can recover as for money paid under a mistake of fact. ·The defendant urges several considerations on the other side, but it is enough to say that the last step in the Government's argument seems to us, as it did to the Circuit Court of Appeals, unsound. If the drawer and the drawee are the same the drawer cannot recover for an overpayment to an innocent payee because he is bound to know his own checks. *Bank of United States* v. *Bank of Georgia,* 10 Wheat. 333. In this case there is no doubt that in truth the check was drawn by the United States upon itself.

The Government attempts to escape from this conclusion by the fact that the hand that drew and the hand that was to pay were not the same, and some language of Chief Justice White as to what it is reasonable to require the Government to know in paying out millions of pension claims. The number of the present check was 48218587. *United States* v. *National Exchange Bank,* 214 U. S. 302, 317. But the Chief Justice used that language only to fortify his conclusion that the United States could recover money paid upon a forged endorsement of a pension check. He cannot be understood to mean that great business houses are held to less responsibility than small ones. The United States does business on business terms. *Cooke* v. *United States,* 91 U. S. 389. It has been suggested that the ground of recovery for a judgment under a mistake of fact is that the fact supposed was the conventional basis or tacit condition of the transaction. *Dedham National Bank* v. *Everett National Bank,* 177 Mass. 392, 395. If this be true, then when the United States issues an order-upon itself it has notice of the amount and when it comes to pay to an innocent holder making a claim as of right it is at arm's length and takes the risk. We are of opinion that the United States is

not excepted from the general rule by the largeness of its dealings and its having to employ agents to do what if done by a principal in person would leave no room for doubt.

*Judgment affirmed.*