UNITED STATES of America,
Appellee,

v.

Lee MORGAN, and Peter F. Spagnuolo,
Jointly & Severally, Appellants.

No. 8470.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1962.

Decided Jan. 30, 1962.

Russell Hardy, Sr., Washington, D. C. (Hardy & Hardy, Washington, D. C., on brief), for appellants.

J. Hardin Marion, III, Asst. U. S. Atty., Baltimore, Md. (Joseph D. Tydings, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BRYAN and BELL, Circuit Judges, and PREYER, District Judge.

PER CURIAM.

The United States through the Secretary of the Treasury and pursuant to an Act of Congress, 44 Stat. 630–635, 40 U.S.C.A. § 341 et seq., acquired certain land with buildings thereon in the District of Columbia for the erection of public buildings. While awaiting the time for the new construction and as empowered by the Act, the Administrator of General Services, who had mediately succeeded the Secretary in this duty, rented the existing buildings to Lee Morgan and Peter F. Spagnuolo, defendant-appellants, by a lease in the name of the United States. In accordance with its terms the lease was afterwards terminated, and thereupon the Government determined that the lessees were indebted to the United States in the sum of $335.60 as the balance due for rent for the months of May and June 1955.

On July 28, 1958 the United States instituted this action in the United States District Court for the District of Maryland against the lessees for the recovery of the $335.60. Among other defenses, the lessees pleaded the three-year limitation prescribed by the Maryland statute upon such claims. The District Court sustained the motion of the United States for summary judgment. This appeal, it is conceded, questions only the action of the District Court in overruling the plea of the statute of limitations.

The lessees insist that in the transaction the United States was not acting in its sovereign or governmental capacity but rather in a commercial or proprietary character. The basis of this argument is that the lease permitted the lessees to sublease, and they did sublease, the buildings for private residential use. The Government thus engaged in a non-governmental activity, it is urged, and is subject to the same statutes of limitations as would a private party in similar circumstances.

With the District Judge we find no merit whatsoever in this contention. The acquisition of the land and buildings was the performance by the United States indisputably of sovereign function— the erection of buildings in which to house the activities of government. The leasing of the property, even for private

256

residential occupancy, pending construction of the public buildings was plainly a part of the ultimate governmental purpose. It was in itself, too, the management of public property. Therefore, in suing to collect rent under the lease, the United States was still acting as the Government. While doing so it is immune from the effect of a State statute of limitation. United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940).

The General Services Administration was not leasing the property in its own name, such as a Government corporation might do, but it was acting exclusively and immediately for, as well as in the name of, the United States. Consequently, the authorities cited by the lessees relating to the status accorded Government corporations in their operations are inapposite here.

The judgment of the District Court will be affirmed.

Affirmed.