GERBER ET UX. *v.* KARR ET AL.

[No. 208, September Term, 1962.]

182

*Decided March 26, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*Robert L. Sullivan, Jr.,* with whom were *William J. Pittler* and *Sklar & Sullivan* on the brief, for the appellants.

*Charles C. W. Atwater,* with whom were *Thomas A. Garland, Nathan Hamburger* and *Mylander & Atwater* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

Mr. and Mrs. Charles S. Gerber, the appellants, signed a formal contract with Dumbarton Construction Company, Inc., for the purchase of a lot in Baltimore County and the building thereon of a residence, giving a down payment of $3,500.

Several months earlier Dumbarton, through its legal alter ego, Lido Construction Company, Inc., had obtained a construction loan from Construction Credit Corporation, secured by a deed of trust to Karr and Smith, trustees (two of the appellees), covering the lot the Gerbers subsequently bought and five other lots. The principal of the loan was payable after nine months, the interest being payable monthly.

Dumbarton and Lido fell upon evil financial days, and both went into bankruptcy. The interest on the construction loan was not paid, and on October 20, 1961, two months after the Gerbers had signed their contract with Dumbarton, the trustees procured a decree for the sale of the mortgaged lots, including the Gerber lot. The deed of trust provided that "in the event of any default in any covenant of this deed of trust or of the note * * * then the whole loan with interest shall, at the option of the holder of the note, be and become due and payable * * *." The foreclosure, it is conceded, duly sought to recover the whole amount advanced to that time, with unpaid interest. At the sale on November 28, 1961, Construction Credit Corporation, the mortgagee, became the purchaser of the six lots covered by the deed, and in due course the sale was finally ratified.

On February 12, 1962, Construction Credit Corporation sold the lots to the Weiss brothers, taking back a mortgage for part of the purchase price. In April 1962 the Gerbers filed their bill of complaint against the trustees, Karr and Smith, and the Weiss brothers, seeking to impress a lien for $3,500 upon the lot they had purchased.

The theory of their bill was this: the deed of trust, by its terms, permitted the mortgagor to call for reconveyance of any lot upon payment "of a sum equal to the total amount theretofore advanced with respect to any lot so released, together with interest to the date of such payment"; that they, the Gerbers, had a lien, as against Dumbarton and Lido, for the $3,500 of the purchase price deposited; that they, being in privity with and claiming under Dumbarton and Lido, were entitled, equitably, to exercise the right of redemption by offering to the mortgagee the total amount advanced on account

of their lot, and interest; and that they made such a tender, their offer was refused and, therefore, they had an equitable lien for $3,500 on the lot.

The respondents demurred, and the chancellor ruled (1) that in order to call for a conveyance, the Gerbers would have had to tender the entire amount advanced under the deed of trust, not just the amount advanced in respect of their lot, and they had not alleged that they had done so, and (2) that the Gerbers knew of the foreclosure proceedings and had negotiated for the release of their lot after its institution but took no action to prevent the final ratification of the sale, and so were barred from seeking to impress a lien on the property which had been sold. Saying that "* * * counsel for the Complainants convinced the Court that no useful purpose would be served by permitting further amendment of the Bill," the chancellor sustained the demurrer without leave to amend. We are convinced his action was proper.

The parties agree that a vendee has in equity a lien on the land bought for any payment upon the purchase price in case the contract is not consummated by the fault of the vendor. *Ahrens v. Ijams*, 158 Md. 412, 423. It may be assumed (a) that prior to default in the terms of the deed of trust, the Gerbers could make their equitable lien effective by redeeming the lot they had bought from the deed of trust by paying the total amount advanced with respect to the lot, with interest, *The Kent Building & Loan Company v. Middleton*, 112 Md. 10, 15, and (b) that after default the Gerbers could have paid the full amount due under the deed of trust and received a conveyance of the title held by the mortgagee. *Better v. Williams*, 203 Md. 613.

The trouble with the position of the Gerbers is that they exercised neither of these potential rights. They attempted partial redemption and release (of their lot) only after default in the deed of trust had occurred and foreclosure proceedings had been instituted, and they never tendered the whole amount advanced under the mortgage.

The cases hold that the rights of a contract purchaser with a lien for purchase money deposited to redeem from a mort-

gagee rise no higher than those of the mortgagor, and that, absent an agreement in the mortgage to the contrary, a mortgagor cannot call for a partial release after defaulting on his obligations under the mortgage. *Ryan v. Rizzo* (Conn.), 159 A. 272; *Reed v. Jones,* 133 Mass. 116, 120; *Clarke v. Cowan* (Mass.), 92 N. E. 474; *Clason's Point Land Co. v. Schwartz,* 262 N. Y. S. 756; *City Bank Farmers Trust Co. v. Heckmann,* 297 N. Y. S. 592; *Reese v. Pringle,* 60 N. Y. S. 2d 161.

The deed of trust which covered the lot when the Gerbers signed the contract to buy it not only does not expressly permit the mortgagor to call for a partial release after default but indicates from its terms that no such right was intended. It provides that the mortgagor may have possession of the mortgaged lots "until default in any condition of this deed of trust or of the note but not thereafter," and, further, that the trustees will "release and reconvey the said property" to the mortgagor "at any time before the sale hereinafter provided for, upon the full payment of the note with interest and any other sums owing to the holder of the note or to the Trustees * * *." There is another provision that immediately upon the first insertion of the advertisement or notice of sale, there shall be due the trustees by the mortgagor not only the principal and interest of the note but also all court costs and all expenses incident to the foreclosure proceedings. We think there was no right to call for a partial release after default had occurred.

The option given the holder of the note to accelerate the due date of the principal upon any default was exercised by its choice to foreclose. The unequivocal, overt act of filing proceedings for the collection by sale of the property of the whole amount of principal which had been advanced, with interest, evidenced on the record, to all interested persons, that the privilege of acceleration had been availed of. *Albertina Realty Co. v. Rosbro Realty Corp.* (N. Y.), 180 N. E. 176; *Delray, Inc. v. Piedmont Inv. Co.* (Ga.), 21 S. E. 2d 420; *Union Central Life Ins. Co. v. Keith* (Idaho), 74 P. 2d 699; *Hendron v. Bolander* (Colo.), 74 P. 2d 706; *Federal Land Bank of Omaha v. Wilmarth* (Iowa), 252 N. W. 507; *August Tobler, Inc. v. Goolsby* (Fla.), 67 So. 2d 537; *Purpura v.*

*Pizzurro,* 77 N. Y. S. 2d 599; *Gold v. Vanden Brul,* 211 N. Y. S. 2d 757. *Cf. Kleiman v. Kolker,* 189 Md. 647, and *Doeller v. Mtge. Guarantee Co.,* 166 Md. 500.

The Gerbers were slow not only to seek the partial release of their lot but in filing suit to assert their claimed right to obtain a lien in lieu of its release. Their bill of complaint was filed some time after the final ratification of the sale made in the foreclosure proceedings, and after purchase of the lots by the Weiss brothers.

The validity of the deed of trust and the title of the purchasers at the sale thereunder free of the lien as against the mortgagor and those claiming under it (Code (1957), Art. 66, Sec. 7 (c) and Sec. 9) were established by the order of court ratifying the sale; and the Gerbers, who had actual knowledge of the proceedings for the sale and at least constructive knowledge of the pendency of the ratification and its consequences and who stood idly by without assertion of any claim or right, cannot now assert that the title of the purchasers at the foreclosure sale and that of their grantees in good faith and for value are subject to any lien for their benefit. *Albert v. Hamilton,* 76 Md. 304; *Bachrach v. Washington United Cooperative, Inc.,* 181 Md. 315; *Brendel v. Zion Church,* 71 Md. 83, 85. The decree appealed from must be affirmed.

*Decree affirmed, with costs.*