SANTINI *v.* FRITKIN, ET UX.

[No. 14, September Term, 1965.]

*Decided December 1, 1965.*

*Motion for rehearing filed December 30, 1965, denied January 4, 1966.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, HORNEY, OPPENHEIMER and McWILLIAMS, JJ.

*Jack Pinkston* for appellant.

*Louis H. Cohen* for appellees.

HORNEY, J., delivered the opinion of the Court.

This appeal presents a question as to what effect the foreclosure of a chattel deed of trust given to secure the payment of a promissory note containing an optional acceleration clause had on the running of the statute of limitations in an action brought to recover the balance due on the note.

The cause of action arose out of the sale of a grocery business to Benjamin and Rose Fritkin (defendants-appellees) by Anthony Santini (plaintiff-appellant) and his wife in October of 1958. Since only a part of the consideration was paid in cash, the Fritkins executed their promissory note to the Santinis on October 6, 1958, for the balance of $4500 with interest at six per cent. The note provided that the principal and interest would be payable in monthly installments of $200 until paid in full with the first payment due on December 6, 1958, and subsequent payments due on the 6th day of each succeeding month. It further provided that if the payment of any installment was in default, the unpaid balance of the principal and accrued interest should, at the option of the holder thereof, at once become due and payable.

The promissory note, as above stated, was secured by a chattel deed of trust, covering the stock in trade, equipment and fixtures, which provided that should default be made by the

Fritkins in the payment of any installment, or should the security thereby provided become endangered for any of the reasons stated in the deed of trust, the trustees were authorized to take immediate possession of the goods and chattels and personal property, and to sell the same at public auction, upon such terms and after such public notice as the trustees should deem advantageous and proper; and out of the proceeds pay: first, all costs, charges and expenses, including the trustees' commissions; second, "whatever may then remain unpaid of said note, whether the same be due or not"; and last, any surplus to whomsoever was entitled to the same.

The Fritkins paid the first three installments in full but defaulted in the payment due on March 6, 1959, in that it was not the full amount ($150 was paid instead of $200) and was not made until April 2, 1959. Thereafter no voluntary payments were made on the note by the Fritkins and on May 15, 1959, the trustees took possession of the property covered by the deed of trust and sold it. On May 25, 1960, the entire net proceeds of sale were credited to the note. No part of the balance due on the note having been paid by the Fritkins, Anthony Santini, who had become the only holder of the note, filed suit on October 19, 1962, to collect the balance due of $1754.92 with interest.

At the lower court hearing on the motion of Santini for a summary judgment, the Fritkins, asserting that the cause of action accrued as of the time the deed of trust was foreclosed, claimed that collection of the note was barred by limitations. The lower court found "that the creditor [Santini] exercised his prerogative under the deed of trust and [that] the tolling of the statute then began." This appeal followed.

With regard to a promissory note which contains a provision accelerating its maturity at the option of the holder upon the nonpayment of interest or principal or other default, the applicable rule of law is that the holder must take some affirmative action which indicates an election to take advantage of the acceleration provision and until such action has been taken the note does not become due and payable in advance of the time or times specified in the note. When, however, the holder takes positive action indicating that he has elected to exercise

the option, then the full amount of the unpaid balance of principal and accrued interest becomes immediately due and payable and the statute of limitations begins to run from that time. *Kleiman v. Kolker*, 189 Md. 647, 57 A. 2d 297 (1948). See the annotations in 161 A.L.R. 1211 and 5 A.L.R. 2d 968 and the cases therein referred to. And see 54 C.J.S. *Limitations of Actions* § 150.

In the instant case it was conceded that the note was in default when the deed of trust was foreclosed and that the net proceeds of the foreclosure sale were applied to the balance due on the promissory note. While the record discloses that the defendants (Fritkins) entered a plea of limitations to the declaration of the plaintiff (Santini), it was not sworn to and the opposing affidavit of the defendants to the motion of the plaintiff for summary judgment made no reference to the defense of limitations. But, as the record also shows, the plaintiff agreed to the belated filing by the defendants of a supplementary opposing affidavit asserting the defense of limitations. Furthermore, although the appellant (Santini) asserts in his reply brief that there is "neither pleading nor evidence" to substantiate the claim of the appellees (Fritkins) that the note was barred by limitations because the due dates of the monthly installments on the note had been accelerated by the foreclosure of the deed of trust, the appellant himself points out that this case was submitted by agreement to the lower court to be decided by it on the motion for summary judgment and the supporting and opposing affidavits filed therewith. This, it seems to us, was tantamount to a concession that there was no genuine dispute as to a material fact and that the question to be decided was a matter of law. But even if this is not so, we think the facts contained in the pleadings are sufficient to warrant the conclusion that the deed of trust was foreclosed because payments on the note were in default.

As to the facts, the appellant contends that the appellees have not shown that he, even though there was a default, ever exercised his option to declare that the remaining installments were due and payable at a time prior to the date originally fixed for their payment. The specific question, then, is whether the order of the lower court dismissing the action of the appellant

by way of a summary judgment in favor of the appellees is supported by the pleadings. To answer this question we must determine whether the pleadings of the parties indicate that the appellant did in fact exercise the option to accelerate the debt and thereby brought about the maturity of the whole thereof more than three years prior to the filing of the declaration in this case.

In *Gerber v. Karr*, 231 Md. 180, 189 A. 2d 353 (1963), where there had been a default in a construction loan secured by a mortgage deed of trust, containing an optional acceleration provision, covering several lots of land, and a subsequent foreclosure, this Court, *per* Hammond, J., in considering the rights of a contract purchaser of one of the lots to assert a claimed lien, had occasion to say, at p. 185:

> "The option given the holder of the note to accelerate the due date of the principal upon any default was exercised by its choice to foreclose. The unequivocal, overt act of filing proceedings for the collection by sale of the property of the whole amount of principal which had been advanced, with interest, evidenced on the record, to all interested persons, that the privilege of acceleration had been availed of."

As was the case in *Gerber,* we think that the foreclosure of the deed of trust in the case at bar and the subsequent application of the net proceeds of sale to the promissory note clearly indicated the intention of the appellant to exercise his option to accelerate payment of the whole balance due on the note. These facts, coupled with other facts, such as the filing of the foreclosure proceeding at a time when the installment payments were in default and the absence of any showing that the security had become endangered by any other manner of default, were enough in this case to support the finding of the lower court that the deed of trust was foreclosed because some of the monthly installments were then in default, and we so hold.

It follows, since the appellant did not commence his action to recover the balance due on the promissory note until after three years from May 15, 1959, the date on which the deed of trust

was foreclosed, that the statute of limitations prevented the appellant from maintaining this suit. Code (1957), Art. 57, § 1.

*Order affirmed; appellant to pay the costs.*