**UNITED STATES of America, Plaintiff,**

v.

**FIRST CAROLINA FUND, a South Carolina Corporation, Defendant.**

**Civ. A. No. 67–94.**

United States District Court
D. South Carolina,
Greenville Division.

Dec. 6, 1967.

John H. Williams, U. S. Atty., Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., Margaret S. Rogers, Small Business Administration, Washington, D. C., for plaintiff.

Robert N. Daniel, Jr., Greenville, S. C., for defendant.

## ORDER

SIMONS, District Judge.

This matter is before the court on plaintiff's motion for summary judgment, seeking a money judgment against defendant in the principal amount of $300,-000 together with accrued interest for funds provided pursuant to Sections 302 and 303 of the Small Business Investment Act of 1958, as amended. Plaintiff also seeks the issuance of an injunction and the appointment of the Small Business Administration as receiver pursuant to Section 311(a), (b) and (c) of the Act.

At the hearing defendant's counsel admitted that defendant had violated the provisions of the Small Business Investment Act and the regulations promulgated thereunder, in that it had failed to make the interest payment due on the 1st day of November, 1966 in the amount of $3,750.00. Counsel further conceded that plaintiff was entitled to the appointment of a trustee or receiver, to a money judgment for the principal balance due, together with accrued interest thereon. Defendant urged however that the Small Business Administration should not be appointed receiver upon ground that such appointment would be inequitable or otherwise inappropriate by reason of the special circumstances involved. Instead, it urged the appointment of Robert A. Clay, a prominent attorney of the Greenville, South Carolina Bar.

The court finds that plaintiff is entitled to the relief sought against defendant. However, after a careful consideration of the proceedings herein, the oral and written briefs and arguments of counsel, and all of the circumstances involved, it is concluded that it would be inequitable to appoint the Administration as receiver. It is the real party in interest with its nearest regional office in Atlanta, Georgia, a considerable distance from defendant's place of business and operating base. Even though the court is mindful of its discretionary power, pursuant to Section 311(c) of the

Act, to appoint the Administration as receiver in a proper case, it is concluded that under the circumstances of this case, the ends of justice would best be served by appointing a disinterested local qualified person as receiver. Mr. Clay is personally known to the court as an attorney of exceptional ability who served with distinction as an Assistant District Attorney in this State and who is well qualified to serve as receiver of defendant, who will protect the interests of all parties.

Therefore, it is ordered:

1. That by reason of the violation of the Small Business Investment Act and the regulations promulgated thereunder, and pursuant to Section 308(d) hereof (15 U.S.C. § 687(d)), the Small Business Administration is hereby authorized to declare forfeited any and all rights, privileges and franchises of defendant First Carolina Fund, derived from said Act and, at its discretion, to revoke the license of defendant First Carolina Fund;

2. That defendant First Carolina Fund is indebted to plaintiff United States of America in the amount of $300,000.00, plus interest of $19,354.17 [1] which together total $319,354.17, and the Clerk is hereby directed to enter judgment for said amount;

3. That defendant First Carolina Fund, and its directors, officers, stockholders, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, permanently enjoined from: (1) concealing or destroying any of the records of defendant First Carolina Fund, (2) disbursing, handling, investing, converting, negotiating, or otherwise concealing, transferring or delivering any of the funds, assets or property of defendant First Carolina Fund, except in accordance with the direction of the receiver hereinafter appointed, and (3) interfering in any manner whatsoever with said receiver in the discharge of his duties;

4. That Robert A. Clay, Esquire, be and he hereby is appointed receiver of all the funds, assets and property of defendant, First Carolina Fund, with all of the powers of a receiver appointed pursuant to the provisions of 15 U.S.C. § 687c, Rule 66 of the Federal Rules of Civil Procedure, and all powers of a receiver incidental thereto and all powers of authority heretofore possessed by the officers and directors of defendant First Carolina Fund under applicable state and federal law and the Charter and Articles of Incorporation of defendant First Carolina Fund; the receiver shall furnish bond in the amount of $300,000.00, with sureties approved by the Clerk of this Court, within two weeks from the filing of this order.

5. That upon the filing of the required bond, the receiver shall take possession, control and custody of all funds, assets and property of defendant, First Carolina Fund, wherever located, including, but not limited to, business records, real estate, personalty, cash investments, claims and choses in action; and shall take all such action as may be deemed necessary or advisable to collect, preserve and protect such assets and to enforce and recover upon any such claims and choses in action by the commencement or continuation of appropriate legal proceedings or otherwise;

6. That any and all persons having any of said funds, assets or property of defendant, First Carolina Fund, in their possession, control, or custody shall promptly transfer and deliver the same to the said receiver and shall execute such instruments of transfer or assignment as may be requested by the receiver to effect such transfers;

7. That, subject to the approval of the court, the receiver may employ such accountants, attorneys and other agents as may be reasonably necessary to assist it in the performance of his duties; and

---

1. See Certified Statements of Account of the Loan Accounting Section of the Accounting and Reports Division of Small Business Administration dated October 16, 1967, and attached hereto as Exhibits "A" and "B".

8. That the receiver, at the appropriate time and under the direction of this court, shall liquidate and distribute the assets of defendant First Carolina Fund and institute proper action to terminate its corporate existence.

## OFFICE OF FINANCIAL MANAGEMENT
### ACCOUNTING BRANCH

CERTIFIED STATEMENT OF ACCOUNT                    EXHIBIT "A"

As of    October 16, 1967

---

Loan Number    04–0058                Licensee    First Carolina Fund

[X]   302 Debenture                   Address    (include ZIP code)

[ ]   303 Loan                                   Hodges, South Carolina

Date of Instrument 3–2–62

---

Total Amount Disbursed .............$150,000.00

Less: Total Amount Repaid .........

Unpaid Principal Balance ...........................$150,000.00

   Interest Payments Due and Unpaid:

| Due Date | |
|---|---|
| 3–2–67 | $3,750.00 |
| 9–2–67 | 3,750.00 |

         Total ....................$7,500.00
   Interest Accrued from Last
      Installment Due Date   9–2–67        916.67

Accrued Interest                          $   8,416.67

   TOTAL INDEBTEDNESS ........................$158,416.67

---

Daily Interest Accrual ........$20.833333
Date Last Payment Received ..   9–15–66
Interest Has Been Paid Through   9–2–66

---

Certified to be a true and accurate statement of account as reflected by the official records maintained in the Accounting and Reports Division.

| L R Reinhart | 10–16–67 |
|---|---|
| Head, Loan Accounting Section | Date |

SBA FORM 596A (2–67) EDITION OF 11–66 WILL BE USED UNTIL STOCK IS EXHAUSTED

OFFICE OF FINANCIAL MANAGEMENT
ACCOUNTING BRANCH
CERTIFIED STATEMENT
OF ACCOUNT          EXHIBIT "B"

As of October 16, 1967

Loan Number ____ 04–0058–1 ____     Licensee  First Carolina Fund

☐  302 Debenture                         Address  (include ZIP code) ____

☒  303 Loan                              Hodges, South Carolina

Date of Instrument  11–1–62 _____     _____

Total Amount Disbursed .............$150,000.00

Less: Total Amount Repaid ........... _____

Unpaid Principal Balance ...........................$150,000.00

   Interest Payments Due and Unpaid:

        Due Date

        11–1–66      $3,750.00

         5–1–67       3,750.00

        _____    _____

        _____    _____

        Total .....................$7,500.00

   Interest Accrued from Last

     Installment Due Date ___5–1–67___     3,437.50

Accrued Interest                              $ 10,937.50

   TOTAL INDEBTEDNESS .........................$160,937.50

Daily Interest Accrual ........$20.833333
Date Last Payment Received .. ___5–31–66___
Interest Has Been Paid Through ___5–31–66___

Certified to be a true and accurate statement of account as reflected by
the official records maintained in the Accounting and Reports Division.

_____L R Reinhart_____     _____10–16–67_____
Head, Loan Accounting Section                  Date

SBA FORM 596A (2–67) EDITION OF 11–66 WILL BE USED UN-
TIL STOCK IS EXHAUSTED