BURKE, ET UX. *v.* THE EQUITABLE LIFE AS-
SURANCE SOCIETY OF THE
UNITED STATES

[No. 273, September Term, 1969.]

*Decided February 3, 1970.*

*Motion for rehearing filed March 4, 1970; denied April 2, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

James M. Burke, in proper person, for appellants.

*Donald P. McPherson, III,* for appellee.

BARNES, J., delivered the opinion of the Court.

This appeal challenges an Order of the Circuit Court for Baltimore County (Barrett, C.J.), dated September 5, 1969, which allowed an attorneys' fee of $350.00 in addition to an attorneys' fee of $200.00 previously approved by the Circuit Court on March 4, 1969, in connection with the foreclosure of a mortgage dated March 30, 1948, on the property 801 Beechfield Avenue, Baltimore County. The mortgage was given to secure a loan of $5,800.00 made by the appellee, The Equitable Life Assurance Society of the United States (Equitable or mortgagee), to the appellants, James M. Burke and Helen V. Burke, his wife.

The mortgage was payable in installments over a 25 year period, the first payment being due and payable on May 1, 1948, the last installment, including the unpaid balance with interest being payable on April 1, 1973. The mortgage contains a covenant to pay · the mortgage debt and interest thereon and to pay when due, all taxes, assessments, public and other dues and charges levied and assessed on the mortgaged property. The mortgage also provides that in the event of default in the payment of the mortgage debt or any of the installments and of any covenant agreement or conditions contained in the note or mortgage and if the default continued for 30 days, the whole mortgage indebtedness at the option of the

mortgagee shall be due and payable. Also in the event of default in the covenants of the mortgage, the mortgagee or such attorney as it might designate was authorized to sell the mortgaged property under the provisions of Article 66, Secs. 6 to 16 inclusive of the Public General Laws of Maryland (Flack's 1939 Ed.) and amendments thereof, or under any other general or local law of Maryland relating to mortgages, "now or hereafter existing." Upon sale of the mortgaged property either under the power of sale or by equitable foreclosure, the proceeds of sale were to be applied first to the expenses of sale "including such counsel fee as the court may deem proper, and also a commission to the party making the sale" equal to the usual commission allowed trustees in Baltimore County, and third, the balance, if any, to the mortgagors or any other person entitled thereto.

Foreclosure proceedings were instituted by the mortgagee, Equitable, by a petition filed January 29, 1969, in the Circuit Court for Baltimore County, attaching the mortgage as an exhibit and alleging a default in the payment of the mortgage debt. The Statement of Mortgage Debt, as of January 30, 1969, also filed on January 29, showed the following:

"Original amount of mortgage     $5,800.00
*Less*
Total principal payments          4,324.04

    Balance                   1,475.96
*Plus*
Interest due from December 1, 1968
through January 30, 1969 @ 4% on
$1,475.96                             9.84

    Total mortgage debt claimed    $1,485.80"

By its order of January 29, 1969, the Circuit Court passed a decree for the sale of the mortgaged property, appointed Donald P. McPherson and John C. Cooper, III, or either of them, trustees to make the sale with a required bond of $13,500.00, with the usual requirement for

publication. A cash deposit of $960.00 was required at the time of sale. A military affidavit was also filed on January 29.

Thus far the foreclosure proceedings were unexceptional, but thereafter Mr. Burke, who is not a member of the Maryland Bar, entered an appearance for himself as one of the mortgagors and for Helen V. Burke, as well as for the trustees to whom the equity of redemption had been assigned in trust and the remaindermen under that trust. The pleadings filed by Mr. Burke are unusual. Without attempting to review them in detail, it is sufficient to state that they, in effect, contended that there was no default in the mortgage and that the Circuit Court should revoke its order of January 29, 1969, authorizing the sale of the mortgaged property. Judge Jenifer on March 4, 1969, enjoined the sale scheduled for March 10, 1969, ordered the mortgagors to pay on or before March 6, 1969, three installments of principal and interest, and ordered the mortgagors to pay the taxes on the mortgaged premises in the amount of $369.89 plus accrued interest by March 15, 1969 giving evidence of such payment by March 17, 1969. Also on or before March 15, 1969 the mortgagors were required to pay several additional items as follows:

| | | |
|---|---|---|
| (1) | Advertising Costs: *The Jeffersonian* | $ 40.50 |
| (2) | Title bring-to-date-Title Company of Maryland | 100.00 |
| (3) | Transportation expense to Towson 3/28/69 | 8.00 |
| (4) | Xerox copies and long distance calls | 2.53 |
| (5) | Trustees' commissions | 55.57 |
| (6) | Court Costs | 25.00 |
| (7) | Attorneys' fee | 200.00 |

The mortgagors did not pay all of the amounts required to be paid by the order of March 4.

The mortgaged property was then readvertised for sale on April 22, 1969, at 2:00 P.M., the advertisement being inserted in *The Jeffersonian* on April 3, 10 and 17.

Thereafter a hearing was held before Judge Maguire on April 16, 1969, at which the court determined that the mortgagors had failed to comply with the order of March 4. The mortgagors filed an appeal to this Court on April 16 from this action by Judge Maguire. We dismissed that appeal on June 23, 1969.

In the meantime, the mortgaged premises were sold on April 22, 1969, to Emerson Realty, Inc. for $6,100.00. The trustees making the sale filed their report of sale in proper form on April 28, 1969, on which day the sale was ratified *nisi*, that is, unless cause to the contrary was shown on or before May 26, 1969. The usual affidavit by the purchasers was filed. No exceptions having been filed, the Circuit Court finally ratified and confirmed the report of sale on July 2, 1969.

On August 18, 1969, Messrs. McPherson and Cooper filed a petition reciting the approval of a $200 counsel fee for them in the order of March 4, the additional services rendered since that time and praying for an additional counsel fee of $350.00 for the additional services. A show cause order was passed on August 18, and thereafter, on September 5, 1969, Chief Judge Barrett passed an order allowing the additional counsel fee of $350.00.

On September 15, 1969, the mortgagors filed a second order of appeal to this Court from the order of September 5 allowing the additional counsel fee, the order of July 2 ratifying the foreclosure sale and the decree of January 29 for the sale of the mortgaged premises. Upon motion of Equitable, we dismissed the appeals from the Order of July 2 and from the Decree of January 29, but declined to dismiss the appeal from the order of September 5, which, as indicated, is the subject matter of the case now before us.

The appellants have attacked the order of September 5 on the sole ground that the Circuit Court lacked jurisdiction of the subject matter. There was no testimony below indicating that the $350.00 additional fee was excessive and no contention is made in this Court either in the appellant's brief or in argument that it was excessive.

Any such possible contention is, therefore, deemed to be waived. See Maryland Rule 831 c; *Wooddy v. Wooddy*, 256 Md. 440, 261 A. 2d 486 (1970).

It is clear that no exceptions were taken to the report of the foreclosure sale and that the report of sale was finally ratified and confirmed by the order of July 2, 1969. Any questions relating to the jurisdiction of the Circuit Court were concluded by that order and that final order of ratification established that the Circuit Court had jurisdiction by the doctrine of *res judicata. Bachrach v. Washington United Cooperative, Inc.,* 181 Md. 315, 29 A. 2d 822 (1943). See *Gerber v. Karr,* 231 Md. 180, 189 A. 2d 353 (1963). Our dismissal of the appellants' appeal from the order of July 2, 1969, left this order in full force and effect and the contentions of the appellants are concluded by that order.

*Order of September 5, 1969, affirmed, the appellants to pay the costs.*