UNITED STATES of America

v.

Mitchell MYERS.

Civ. No. 21000.

United States District Court
D. Maryland.

Feb. 4, 1970.

Stephen H. Sachs, U. S. Atty., and Nevett Steele, Jr., Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Mitchell Myers, pro se.

THOMSEN, Chief Judge.

Although this action has been brought in the name of the United States, it is really brought by the Small Business Administration, as Receiver of Frontiers Capital Corporation, against Mitchell Myers as guarantor of a note given to Frontiers by Milton Gunn, Inc. The question to be decided is whether Myers may properly rely on the Maryland statute of limitations as a defense.

### Findings of Fact

1. Frontiers was a small business investment company licensed by the Administration under P.L. 85–699, Title III, Aug. 21, 1958, 72 Stat. 691 et seq., 15 U.S.C.A. § 681 et seq., as amended.

2. In the course of its business Frontiers loaned money to Milton Gunn, Inc., taking from that corporation a promissory note dated October 14, 1964, for $10,000, with interest at the rate of 10% per annum, payable to the order of Frontiers "in six installments of not less than $1,667.00 in any one payment, together with the full amount of interest due on this note at time of payment of each installment. The first payment to be made on the 1st day of January 1966, and a like payment on the January day of ———— (sic) thereafter, until the whole sum, principal and interest, has been paid; if any of said installments are not so paid, the whole of said principal sum and interest, to become immediately due and collectible at the option of the holder of this note. And in case suit or action is instituted to collect this note or any portion thereof we promise to pay such additional sum as the Court may adjudge reasonable as attorney's fees in said suit or action." On the reverse of the note Myers signed the following guarantee: "For value received we hereby guarantee the payment of principal and interest of the within note when and as the same shall become due and payable hereby expressly waiving demand notice and protest and notice of the acceptance of this guarantee."

3. No payments have ever been made on the note or guarantee.

4. On August 15, 1968, in an action brought in this Court by the United States against Frontiers under the provisions of 15 U.S.C.A. § 687c, a judge of this Court entered an order and judgment in which this Court: (a) took jurisdiction of Frontiers; (b) appointed the Small Business Administration Receiver of Frontiers, with all powers and authority theretofore possessed by the officers and directors of Frontiers under applicable State and Federal law, in addition to the powers and authority conferred upon Receivers by 15 U.S.C.A. § 687c (i. e., "to hold or administer under the direction of the court the assets so possessed") and by 28 U.S.C.A. § 1345 (which grants to the district courts original jurisdiction of all civil actions "commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress"); and (c) directed the Receiver to "assume control of and take over the operation of" Frontiers and pursue and preserve all its claims, to institute appropriate legal action against all persons obligated to

Frontiers, to liquidate the assets of Frontiers and institute proper action to terminate its corporate existence.

5. The order and judgment also directed that the United States recover from Frontiers $218,916.07, with interest, later increased to $387,332.47.

6. Frontiers had other creditors besides the United States.

7. On June 5, 1969, the Administration as Receiver wrote letters to the maker of the $10,000 note referred to above, and to Myers as guarantor, declaring "the said entire indebtedness on said note due and payable as provided therein".

8. This action was filed on July 16, 1969.

### The Statute

In 1961 paragraphs (a) and (b) of § 687c were adopted. Section 687c(a) provides for injunctions against licensees who have engaged in or are about to engage in acts or practices in violation of any provision of Chapter 14B of Title 15, i. e. the Small Business Investment Program. Section 687c(b) provides: "In any such proceeding the court as a court of equity may, to such extent as it deems necessary, take exclusive jurisdiction of the licensee or licensees and the assets thereof, wherever located; and the court shall have jurisdiction in any such proceeding to appoint a trustee or receiver to hold or administer under the direction of the court the assets so possessed." In 1966 paragraph (c) was added. It provides: "The Administration shall have authority to act as trustee or receiver of the licensee. Upon request by the Administration, the court may appoint the Administration to act in such capacity unless the court deems such appointment inequitable or otherwise inappropriate by reason of the special circumstances involved."

### Discussion

■ A. Opposing defendant's plea of limitations, the Government relies on the well established principle that the United States, without a clear manifestation of congressional intent, is not bound by any statute of limitations in a suit brought by it as a sovereign government to enforce a public right or to assert a public interest. See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); United States v. Morgan, 298 F.2d 255 (4 Cir. 1962); United States v. Fidelity-Baltimore National Bank & Trust Co., 173 F.Supp. 565 (D. Md.1959).

■ That rule, however, is not applicable where the United States is merely a formal party to a suit, and the remedy sought in its name is the enforcement of a right for the benefit of a private party. United States v. Beebe, 127 U.S. 338, 8 S.Ct. 1083, 32 L.Ed. 121 (1888).

■ The rule is also subject to a so-called "business relations" exception. In The Falcon, 19 F.2d 1009 (D.Md.1927), the United States had entered into the marine carrying trade, pursuant to acts of Congress, and one of its vessels had been damaged in a collision with another ship. The United States delayed filing its suit against the other ship for a period of four years, during which the other ship was sold to an innocent purchaser without knowledge or notice of the government's claim and without knowledge of circumstances to put him upon inquiry. The government's claim was held to be barred. In that case, Judge Soper noted, 19 F.2d at pp. 1012, 1013:

"It is quite consistent with the general principle that the public interests shall not be prejudiced by the laches or negligence of public officers, that the United States, in its business relations with private citizens, be subject to the general rules of law. The nature and legal effect of a contract are not changed by its transfer to the United States. For instance, when the United States, through its lawfully authorized agents, becomes the owner of negotiable paper, it is obliged to give the same notice to charge an indorser as would be required of a private holder. It takes the paper subject to all the equities existing against the person from whom it purchased at the time

862

when it acquired title, and cannot, therefore, maintain an action upon it, if at that time all right of action of that person was extinguished, or barred by the statute of limitations. United States v. Nashville, [C & W St. L.] Ry. Co., 118 U.S. 120, 125, 6 S.Ct. 1006, 30 L.Ed. 81; United States v. Bank of Metropolis, 15 Pet. 377, 10 L. Ed. 774."

See also Cooke v. United States, 91 U.S. 389, 23 L.Ed. 237 (1875); United States v. National Exchange Bank, 1 F.2d 888 (4 Cir. 1924), aff'd 270 U.S. 527, 46 S. Ct. 388, 70 L.Ed. 717 (1926); Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943).

On the other hand, the Second Circuit has held that neither the New York statute of limitations nor the doctrine of laches could be utilized to bar an action by the United States to foreclose a mortgage given as security for a note payable to the Reconstruction Finance Corporation. United States v. 93 Court Corporation, 350 F.2d 386 (2 Cir. 1965).

■ In that case, however, the RFC itself had made the loan and the note was payable to it. In the instant case the note is not held by any agency of the Government in its sovereign capacity, but by the Small Business Administration as a Receiver, appointed by this Court for a private corporation, albeit one licensed by the Administration. A private individual, as well as the Administration, might have been appointed Receiver. § 687c(c); United States v. First Carolina Fund, 276 F.Supp. 767 (D. S.C.1967). Other creditors of Frontiers besides the Administration have an interest in the assets. The note was not assigned to the United States as a sovereign either by contract or by operation of law.

■ When the Government is a creditor of a corporation in receivership or bankruptcy, even when its preferred claim may be so large that it is likely to eat up all the money collected by the receiver or trustee after payment of expenses, a suit brought by the receiver or trustee to collect a debt due to the corporation will be subject to the defense of limitations. The Government cannot avoid the defense in such a case by having the suit brought in the name of the Government, although the Government may enforce any lien, such as a tax lien, which it may have.

■ It is not necessary to decide whether the instant action was properly brought in the name of the United States. The fact is that it is being prosecuted by the Administration as Receiver of Frontiers, appointed by the Court under § 687c(c). Defendant is entitled to the benefit of the applicable statute of limitations to the same extent as if the action were brought by Frontiers or by an individual as receiver thereof.

■ B. The applicable statute is the Maryland statute, Article 57, § 1, Anno.Code of Md., and the applicable period is three years from the date when the cause of action accrues. When a debtor's obligation is payable in installments, the general rule is that the period begins to run on each installment from the time it falls due. Williams v. Taylor, 99 Md. 306, 57 A. 641 (1904); 12 Am.Jur.2d, Bills and Notes, § 1053. Where as here the note contains an optional acceleration clause the default of one payment does not start the running of the statute of limitations as to the entire remainder of the debt unless the option to declare the entire debt due has been exercised. See Santini v. Fritkin, 240 Md. 542, 214 A.2d 578 (1965); Kleiman v. Kolker, 189 Md. 647, 57 A.2d 297 (1948); 12 Am.Jur.2d, Bills and Notes, § 1047. Here the first payment on the note was due on January 1, 1966, but the option to accelerate was not exercised until June 5, 1969. Therefore, the Government's claim is still actionable as to the last five installments of the note.

It is so ordered.