# Ellinger's Appeal.

1. It is a good cause for opening a judgment and letting a defendant into a defence that, at the time of the entry of the judgment on a judgment note, it was *prima facie* barred by the Statute of Limitations.

2. A promissory note given by two individuals will, in the absence of evidence, be presumed to be their note as individuals and not as partners.

October 27th, 1886. Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., and PAXSON, J., absent.

APPEAL from the Court of Common Pleas No. 1 of *Allegheny county :* Of October Term 1886, No. 178.

Appeal from the decree of said court discharging a rule to show cause why a judgment entered upon a judgment note should not be opened, and the defendant be let into a defence.

The following is a copy of the note upon which said judgment was entered on November 21st, 1885.

$700                         Greenville, Pa., April 1st, 1874.

Three years after date, we promise to pay to Rebecca M'Curdy, or order, seven hundred dollars, at ———, value received, with interest at 8 per cent., and          hereby authorize any attorney or the prothonotary of this county, or any other county in this state or elsewhere, to enter and confess judgment for the above sum, with costs of suit, attorney's commission of five per cent. for collection, release of errors, and without any stay of execution, and do waive the right and benefit of any law of this or any other state, exempting property, real or personal, from sale, and if levy is made on land, do also waive the right of inquisition, and consent to the condemnation thereof, with full liberty to sell the same on *fi. fa.*, with release of errors therein.

JOSEPH PARTRIDGE,
JAMES ELLINGER.

[Ellinger's Appeal.]

On this was indorsed eleven payments of fifty-six dollars each, made on April 1st of each year, from 1875 to 1885 inclusive.

On January 5th, 1886, James Ellinger, one of the makers of said note, filed the following petition, upon which the court granted a rule to show cause why said judgment should not be opened and the defendant let into a defence.

. Petition of James Ellinger.—The petition of James Ellinger, defendant, above named, of Greenville, Mercer Co., Pa., respectfully represents, That the note upon which the above stated judgment was entered, was given to plaintiff by Joseph Partridge and your petitioner, for borrowed money, and bears date about twelve (12) years ago.

That the said note (and warrant of attorney) is not under seal.

That Joseph Partridge (now deceased) was the principal in the said note, and that your petitioner signed as surety.

That your petitioner did not receive any part of the money borrowed, nor any property or other thing of value from the said plaintiff, and had no interest therein, other than as bail for the said Joseph Partridge. That the said Joseph Partridge, principal in the said note, long since induced petitioner to believe that the said note had been lifted, and that your petitioner has not seen, nor in any way communicated with the said plaintiff since the maturity of the said note, and did not know that it still existed, until within the last year, and after the said Joseph Partridge had become insolvent.

Your petitioner further states, that he has been informed that plaintiff has placed credits on the said note within six years last past.

That if any such payments were made, they were paid by the said Joseph Partridge without petitioner's knowledge.

That your petitioner has never made, nor authorized any other person to make any payments on the said note, nor has he ever within six years prior to the entry of the said judgment, either acknowledged or promised to pay the said note.

Your petitioner therefore prays the court to open the above stated judgment and allow him to make defence to same, and he will ever pray, &c.

Answer of Rebecca Fletcher.—Rebecca Fletcher, plaintiff, above named, for answer to said rule says, it is not true as alleged in the petition of the defendant, that he was only bail or surety on said note, but on the contrary, said note is the joint note of the said James Ellinger and Joseph Partridge, partners. At the time the money was loaned by plaintiff and the said note was given her by said Ellinger & Partridge, plain-

tiff asked for surety, when said Ellinger & Partridge stated they were partners, they would both sign the note, and that they were good for it without surety. Plaintiff knows nothing of what was done with the money for which said note was given, whether it was or was not to be used by the firm in their business. Neither Ellinger nor Partridge stated to her for what purpose they were getting the money, but they became liable to her, as partners, for the payment of said note.

It is true, as averred by Fletcher, that petitioner never paid anything on account of said note personally. It is not true, as averred by the petitioner, that plaintiff has placed credits on said note within six years past. All the payments on said note were made to plaintiff by Joseph Partridge, who indorsed upon said note the several sums paid thereon at the time he paid the same, and the credits placed on said note are in the handwriting of said Joseph Partridge, one of the makers thereof. It is not true as averred by petitioner, that petitioner has not seen, nor in any way communicated with plaintiff since the maturity of the said note, and did not know it still existed until within the last year, and after the said Joseph Partridge had become insolvent. The petitioner, James Ellinger, was present at least once since the maturity of said note, when said Partridge made a payment thereon to plaintiff and saw said payment made. As to the other payments made, plaintiff is not now prepared to state whether or not they were made with petitioner's knowledge, though she believes they were. Plaintiff for further answer states, that said James Ellinger, defendant, and said Joseph Partridge continued to be partners until within six years past and that payments have been made on said note while said Ellinger and Partridge were partners, and within six years past, and before said Partridge became insolvent, and that plaintiff has never received any notice of a dissolution of said partnership, and does not know when the same was dissolved, if at all.

The plaintiff for further answer says, at the time said note was given, she did not know the difference in law between a note with warrant of attorney, not under seal, and such an instrument under seal, and then supposed she would have all the rights and remedies she would now have, if said note was under seal, and she was led so to believe by the makers of said note. The plaintiff having answered fully all the averments of petitioner, prays your honorable court to discharge said rule.

Depositions were taken, and after hearing the court discharged the rule, to which order James Ellinger excepted. He thereupon took this appeal and assigned for error the order and decree of said court discharging said rule.

*N. W. Shafer*, (*E. P. Gillispie* with him), for appellant.—
The Statute of Limitations runs against an unsealed judgment
note: Kempsill *v.* Laney, 14 Phila., 646.  A judgment should
be opened to let the defendant plead the Statute of Limitations
as a defence: Herman *v.* Rinker, 106 Pa. St., 121; Shaffer *v.*
Shaffer, 41 Pa. St., 51; Clark *v.* Bims, 86 Pa. St., 502.

*Duncan*, (*Smail* with him) for appellee.—A motion to open
a judgment, whether entered upon a judgment note or other-
wise, is an appeal to the discretion of the court.   The only
question raised here, on an appeal, under the provisions of the
Act of April 4th, 1877, in such case therefore is, whether the
court rightfully exercised its discretion, under the evidence:
Earley's Appeal, 90 Pa. St., 329; Kneedler's Appeal, 92
Pa. St., 428; Babcock *v.* Day, 41 L. I., 45; Sossong *v.*
Rosar, 2 Amerman, 197; Herman *v.* Rinker, 106 Pa. St.,
121.   This court will not, except for plain error, review
the sound discretion of the court below.   In weighing the
evidence the same weight will be given to the conclusions
of the court upon questions of fact, as is given to the report of
an Auditor, or finding of a jury: Bedell's Appeal, 87 Pa. St.,
510; McConnell's Appeal, 97 Pa. St., 31; Babcock *v.* Day, 41
L. I., 45.

Persons who have represented themselves as partners, and
been trusted as such, are bound by such admissions: Johnson
*v.* Warden, 3 Watts, 101; Kirk *v.* Hartman, 63 Pa. St., 97;
Craig *v.* Warner, 3 Phila., 298.

It is immaterial, if true, that Partridge used the proceeds of
this note for his own purposes.   The liability of a firm upon a
joint note cannot be defeated by proof that one of the partners
appropriated the proceeds to his separate use : Halderman *v.*
Bank of Middletown, 28 Pa. St., 440; Potter *v.* Price, 3
Pitts, 136.

Mr. Justice Green delivered the opinion of the Court
November 17th, 1886.

The obligation upon which the judgment in this case was
entered was, in terms, the promissory note of two individual
persons, Joseph Partridge and James Ellinger, with an added
clause containing an authority to confess judgment, with
waiver of exemption and inquisition, and provision for an at-
torney's commission.  It was not under seal.  Nothing appears
upon the face of the instrument indicating that it was, or was
intended to be, a partnership obligation, or designed for any
partnership use.  It was dated April 1st, 1874, and was paya-
ble three years after date.  Judgment was not entered upon
it until November 21st, 1885, which was more than eight years

after its maturity. *Prima facie* at the time of the entry of judgment it was barred by the Statute of Limitations, and the plea of the statute was a good defence to it. Under our more recent decisions this was good cause for opening the judgment and letting the defendant into a defence: Herman *v.* Rinker, 106 P. S. R., 121; Sossong *v.* Rosar, 112 P. S. R., 197. One of the defendants, James Ellinger, applied by petition to the court below to open the judgment, alleging that the other defendant, Partridge, was the principal debtor, and himself a surety only, that he had never received any part of the money borrowed, and had no interest in it except as bail for Partridge, and that he had never made any payments on account either of principal or interest on the note, nor authorized any person to make any payment for him, nor in any manner acknowledged or promised to pay the note within six years before the entering of judgment. On this petition the court granted a rule to show cause why the judgment should not be opened, but subsequently discharged it. The appellee, the payee of the note, filed an answer saying that the two makers were partners, and that the note was their joint note as partners, that when the money was loaned they both said they were partners and that they were good without surety; that he did not know what was done with the money nor whether it was to be used by the firm in their business; that the petitioner never paid anything on the note, and that all the payments were made by Partridge, who indorsed upon the note in his own handwriting all the payments that were made; that Ellinger was present at least once when a payment was made and saw it made, but does not say when it was, or whether it was within six years, and that Partridge and Ellinger continued to be partners until within six years, during which time payments were made. Upon this answer it is evident that unless the instrument was a partnership obligation, or the debt was a partnership debt, or the money was used for firm purposes, or the makers declared to the payee that it was a debt of that character, the note is subject to the bar of the statute. Of course it is manifest by mere inspection that the note is not a partnership obligation. It is the individual obligation only of the two makers. There is nothing in its language purporting that it was given as a firm note. There is no allegation in the answer that the debt was in fact a firm debt, or that the money was to be used, or was used, for firm purposes, or that either of the makers so told her. She admits that Ellinger never paid anything on account of the note, and that all the payments were made by Partridge, and she does not allege that Ellinger ever acknowledged or promised to pay the note within six years before judgment. Of course

[Bigley et al. *v.* Jones.]

two partners may contract with another as individuals, and when they do so, their contract is individual and not partnership, and must be so treated by the law. Here the whole case for the plaintiff rests upon parol declarations said to have been made by the parties contradictory to the character of their written obligation. The solution of the controversy rests entirely upon verbal testimony, and such testimony belongs exclusively to the province of a jury. The defendant, Ellinger, has a right to be heard, and to be heard before a jury, upon the question of his obligation upon the instrument in question. If we regard the depositions taken under the rule to show cause, they do not alter the character of the question or the controversy. On the face of the paper the plea of the statute is a good defence. Everything else is in parol. We think the rule to open the judgment should have been made absolute.

> The order discharging the rule to show cause why the judgment should not be opened and the defendant let into a defence is reversed, and the rule is made absolute, and record remitted for further proceedings; the costs of this appeal to be paid by the appellee.