CHARLES W. PORTER'S ADMRX. *v.* JOSEPH A. SHATTUCK'S EST.

January Term, 1903.

Present: TYLER, MUNSON, START, WATSON, STAFFORD and HASELTON, JJ.

Opinion filed May 6, 1903.

*Mortgage note—Interest—Recovery of—Statute of Limitations.*

An action for the interest on a mortgage note is barred by the Statute of Limitations when an action for the principal is so barred.

APPEAL FROM COMMISSIONERS. Declaration, general and special assumpsit. Pleas, the general issue and Statute of Limitations. Trial by Court at the December Term, 1902, Windsor County, *Rowell,* C. J., presiding. *Pro forma* judgment for defendant. The plaintiff excepted.

*Edward H. Deavitt* for the plaintiff.

A note secured by real estate mortgage has vitality for fifteen years, although the remedy on the principal is barred. The interest which accrued within six years and thirty days of the death of the maker of the note, is a valid obligation, for the mortgagor is not entitled to his land until he has paid this interest. Actions of assumpsit to recover interest may be maintained separate from an action for the principal. *Verney* v. *Iddings,* 18 E. C. L. 607; *McClure* v. *Cole,* 6 Blatch. (Ind.) 290; *Stone* v. *Bennett,* 8 Mo. 41; *Society* v. *Wells,* 68 Me. 572; 11 Ency. Pl. & Pr. 437, 438; *Hotel Co.* v. *Bailey,* 64 Vt. 151.

All installments of interest accruing within six years of the commencement of the suit are collectable if they accrued within the fifteen year period. *Burton* v. *Stevens,* 24 Vt. 131;

*Stearns* v. *Stearns,* 32 Vt. 678; *Montgomery* v. *Edwards,* 46 Vt. 151; *Gay* v. *Hassam,* 64 Vt. 495; *Phelps v. Wood,* 12 Vt. 256; *Blake* v. *Parleman,* 13 Vt. 574; *Noyes* v. *Hall's Est.,* 28 Vt. 645; *Green* v. *Seymour,* 59 Vt. 459; *Trust Co.* v. *Sheldon,* 68 Vt. 259; *Bridges* v. *Stephens,* 132 Mo. 524; 33 Cent. Dig. 201, 203.

*William E. Johnson* for the defendant.

The note outlawed February 21, 1895. If the plaintiff's claim is sound, the maker of a note is liable for interest as long as he lives.

The interest is regarded as an incident to the debt. *Ferry* v. *Ferry,* 2 Cush. 99; *Bank* v. *Doe,* 19 Vt. 463. In principle, these cases are decisive of this case.

START, J. The question is whether the Statute of Limitations bars an action for the recovery of interest that accrues on a promissory note secured by mortgage on realty and payable on demand, with interest annually, after the right of action for the recovery of the principal is barred by the statute. The claimant contends that inasmuch as the mortgagee could recover the possession of the mortgaged premises in an action of ejectment or foreclosure proceedings, at any time within fifteen years after the mortgage debt became due, unless the mortgagor paid the mortgage debt within the time fixed by the Court, and inasmuch as the mortgagor, in order to redeem the premises, must pay the mortgage note, with interest, according to the terms, the right of action for the recovery of interest that accrues is not barred by the Statute of Limitations so long as the right of action for the recovery of the possession of the mortgaged premises continues, and that the mortgagor is estopped from availing himself of the statute.

The mortgagee's right to maintain an action at law, or in equity, for the recovery of the possession of the mortgaged premises is in no way dependent upon whether the mortgagor's personal liability for the payment of the mortgage debt is barred by the statute, but upon his continued ownership of the premises, subject to the mortgagor's equity of redemption; nor is the mortgagor's right to redeem the premises dependent upon whether he is personally liable for the mortgage debt. The right attaches to, and may be exercised by, the owner of the equity of redemption, irrespective of whether he is, or ever has been, personally holden for the payment of the mortgage debt. Therefore, the right to maintain a real action for the possession of the premises is not determinative of the right to maintain a personal action against the mortgagor for the recovery of the mortgage debt. In *Houghton* v. *Tolman,* 74 Vt. 467, 52 Atl. 1032, it is held that a note secured by mortgage upon realty is within the statute of limiting actions of assumpsit founded on contract, express or implied, to six years after the cause of action accrues. In that case it is said that a mortgagee has two distinct remedies, one upon the note, barred in six or fourteen years, according to whether the note is witnessed or not, and one upon the mortgage, barred in fifteen years, in analogy to the statute barring the right of entry into houses and lands in that time, and that the loss, for any reason, of either of these remedies, does not affect the other, if the debt remains unpaid.

Interest accruing upon a promissory note is regarded as an incident of the principal of the note, and when this is barred by the statute, no recovery can be had for interest that thereafter accrues. In *Bank* v. *Doe,* 19 Vt. 463, 47 Am. Dec. 697, the Court, in holding that interest that becomes due yearly upon a promissory note is not barred so long as the right of

action for the principal continues, said: "The statute does not begin to run upon the demand until the principal, or at least some separate and distinct portion of the principal, becomes due and payable, and then only upon such distinct and separate portions. The accruing interest from year to year is not thus separated from the principal demand; and consequently the Statute of Limitations does not run upon it, until the principal is barred by the statute."

*Judgment affirmed.*

