## WILLIAMS *v.* WILBORNE.

*(Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

DUNCAN MARTIN, of Memphis, for plaintiff in error.

A. M. ROBISON, of Memphis, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This case is before us on an appeal in error from an order of the court below dismissing a petition for *certiorari* to stay a magistrate's judgment and quash execution and garnishment issuing thereupon.

On June 20, 1928, the petitioner, Williams, along with others, executed a note, as indorser or joint maker for $187, payable one year from date. The note contained the following provision:

"And we do hereby make, constitute and appoint J. N. Manley true and lawful attorney in fact, irrevocable, for us and in our name, place and stead, to go before any Justice of the Peace, or Court of Record, in the State of Tennessee, or any other State of the United States, without notice to us and confess judgment in favor of holder, his assigns, executors or administrators, or legal holder of the above note, and against us for $187.00 and attorney's fees, as provided in the above note, or any balance that may be due on the said note, provided that said note is not paid when due."

On July 19, 1935, the said Manley went before a magistrate in Shelby county and confessed judgment on the note in favor of the holder against petitioner, Williams, and other parties to said instrument. At this time more than six years had elapsed from the maturity of the note.

The proposition embodied in the petition for *certiorari* is that the attorney in fact was without power to confess judgment on the note at a time when the bar of the statute of limitations had run against the instrument. We think this contention must be upheld and that the trial court erred in ruling to the contrary.

It has been quite generally considered by those courts, in which the question has arisen, that a warrant of at-

torney, such as above set out, does not authorize the confession of judgment on a note barred by the statute. The reasons given for this conclusion are that it is not reasonable to suppose the party executing the power intended it to be effective beyond the life of the debt; that a power like the one quoted does not authorize the attorney in fact to waive the statute of limitations; and that the general rule requiring the statute of limitations to be pleaded has no application when the defendant has no notice and no opportunity to plead. Mr. Freeman states the rule thus:

"The fact that action on a debt is barred by the statute of limitations does not prevent the debtor from still recognizing and confessing judgment upon it even as against other creditors, in the absence of any fraud or collusion. It is equally well settled, however, that a warrant of attorney to confess judgment becomes ineffective as soon as the statute of limitations has run against the debt upon which it was based, and that a judgment thereafter confessed under the warrant is unauthorized and void. The reason for this is that the confession of judgment is purely *ex parte* and the general rule requiring such a defense to be pleaded has no application, and it is not reasonable to suppose that the party executing the power intended it to be effective beyond the life of the debt." Freeman on Judgments (5 Ed.), sec. 1317.

In a note, 21 A. L. R., 774, the annotator finds this to be the result of the decisions:

"It appears to be well established that a warrant of attorney to confess judgment on an obligation does not authorize a confession of judgment after an action on the obligation has become barred by a statute of limitation."

292

Leading cases supporting the foregoing are: *Matzenbaugh* v. *Doyle,* 156 Ill., 331, 40 N. E., 935; *Walrod* v. *Manson,* 23 Wis., 393, 99 Am. Dec., 187; *Ellinger's Appeal,* 114 Pa., 505, 7 A., 180; *First National Bank* v. *Mock,* 70 Colo., 517, 203 P., 272, 21 A. L. R., 770.

We think this is a proper case for the writ of *certiorari* under section 8989 of the Code, and the judgment of the lower court will be reversed and the magistrate's judgment and all process issued thereunder will be quashed.