**DiPAOLO, Admr., v. SMITH et.**

Probate Court, Portage County.

No. 4520.   Decided September 16, 1953.

Roger F. DiPaolo, Aurora, for administrator.
George Morrison, Aurora, for cross-petitioner.

## OPINION

By DIETRICH, J.

The plaintiff, in this cause, as administrator of the estate of Steve Horvath, filed a petition to sell certain land belonging to his decedent in order to pay debts.   To this petition, defendants Peter and Wilma Korda filed an answer and cross-petition.

In the cross-petition, these defendants allege that on June 8, 1928, plaintiff's decedent and his wife, executed and delivered to them their promissory note in the amount of $2000. This note was payable in monthly instalments of fifteen dollars per month beginning July 1, 1928, with interest at seven per cent per annum, payable semi-annally.   All payments made were to be credited on the first day of January and the first day of July of each year, first upon the interest for the previous six months and the balance, if any, upon the principal.

Upon hearing, counsel for the parties agreed that said note had been executed and delivered and that no payments were ever made to apply on either principal or interest.   The parties further agreed that under Ohio law, all payments due on and previous to Jan. 1, 1938 were out-lawed by the Statute

of Limitations (§11221 GC [§2305.06 R. C.]). The parties disagreed however as to the method of accounting that was to be applied and as to what payments and amounts did fall due after January 1, 1938.

The method of computation adhered to by the defendants can be shown best by an example. Taking the payments of the first six months amounting to $90; the defendants would apply $70 on the interest and $20 on the principal; thus leaving $1980 still due on the principal. Continuing this method of calculation each six months until Jan. 1, 1938, the defendants claim that all interest would be paid to that date; but that principal in the amount of $1472.86 would still be due on that date; and thus this amount would not be out-lawed.

The plaintiff contends that between July 1, 1928 and Jan. 1, 1938 there came due 114 payments of $15 each making a total of $1710; that when the principal payments were out-lawed, the interest due was also out-lawed; thus leaving only $290 plus the interest on this amount that could now be collected.

The difficulty with the defendants' argument is that it is based on a situation that never existed. The court can not conjecture as to what might have been the situation if the makers of the note had made payments as required by the terms of the instrument. The fact is no payments were made and the owners of the note have allowed the matter to stand for twenty-five years without taking any action to protect their interest.

The matter becomes clearer if we consider what the situation was on January 1, 1938. The statute of limitations has relation to the remedy (**Trustees v. Campbell, 16 Oh St 11, 16**), and where a cause of action has accrued in favor of a person qualified to institute process, the statute has application. Suppose on January 1, 1938 the holders of the note had filed suit. For what amount could they have petitioned? Certainly they could have filed suit for all payments due up to that date plus accrued interest.

The court has found no Ohio decision on this matter but several other jurisdictions have held that where the obligor undertakes to pay interest semi-annually, the statute begins to run as to each installment of interest when it is due and the bar of the statute upon the right to recover the principal also bars the right to recover interest. The right to sue on periodic payments and the right to sue for interest due at the same time as those payments, expire together and there can be no theoretical application of payments which, actually, were never made. Yeadon v. Farmer's Elevator (Iowa), 227 N. W., 709; May v. Ball, 108 Ky., 180; 56 N. W., 7; Porter's Admx.

v. Shattuck's Estate, 75 Vt., 270; 54 Atl. 958. This is the general rule according to 34 Am. Jur. 315, Sec. 401. The only exception is in the case of a bond having separate interest coupons, which have been held to be individual contracts for the payment of interest.

Accordingly, the court finds that the defendants have an enforceable claim for principal payments of $290 due subsequent to January 1, 1938, plus interest to the time of payment at the rate specified in the instrument (Sec. 8304 GC [§1309.02 R. C.]). Further, as specified by **Scattergood v. Ingram, 89 Oh St 460,** the interest should be computed with semi-annual rests. The court finds the proper amount to be seven hundred sixty-nine dollars and eighty-three cents ($769.83) for which judgment is awarded the defendants on their cross-petition. Counsel will file a journal entry noting paper exceptions.