**Robert T. TOOMEY and Helen C. Toomey, Appellants,**

v.

**David S. CAMMACK, Appellee.**

**No. 11718.**

District of Columbia Court of Appeals.

Argued Sept. 21, 1977.

Decided Oct. 25, 1977.

Mark P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Jr., Washington, D. C., was on the brief, for appellants.

M. Langhorne Keith, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and MACK, Associate Judges.

PER CURIAM:

Appellants were found liable to appellee on three promissory notes in the amount of $54,505.23 plus interest at six percent from the date the last installment of the notes fell due. Their appeal presents for our determination whether the trial court erred in its method of calculating the amount due on the notes and in assessing interest on that amount from the date the last installment was due rather than from the date of appellee's demand.

This proceeding is on review for a second time. See *Toomey v. Cammack*, D.C.App., 345 A.2d 453 (1975). The first appeal was taken from a $98,806 judgment for appellee, which judgment included all unpaid principal and interest on the three notes. There, appellants argued successfully that recovery of all installment payments but the last, so-called balloon payments were barred by the three-year statute of limitations.[1] This court held that only the last balloon payment on each of the three notes was not barred and remanded to the trial court "with directions to enter judgment for appellee in the amount of that portion of the obligations sued upon which is not barred by the statute of limitations." *Toomey v. Cammack, supra* at 456.

■ On remand, appellants submitted a proposed order with a total amount due of

---

1. The trial court had held that certain language of the notes, which stated that the "unpaid balance of principal, if any, with accrued interest shall be due and payable" on December 18, 1970, took the notes out of the installment payment rule and allowed a judgment for all unpaid principal and interest.

$18,535.17—$6,178.39 for each note—under the balloon payments. In calculating that amount they assumed that each $350 monthly installment payment which was barred by the statute of limitations should be applied toward reduction of the principal. Appellee submitted a proposed order with a total amount due of $54,505.23—$18,168.41 for each note—under the balloon payments. This figure was calculated by applying each $350 payment as required by the terms of the note—first to interest, then to principal—to arrive at the final payment. The trial court found this latter method of calculation to be correct and entered judgment for appellee pursuant to his proposed order.

We agree with the trial court that appellee's method of computation is the sensible one, on the basis of the language of the notes and analogous case law. The notes themselves clearly stated that each payment was to be applied first to interest and then to principal. Consequently, when this court previously held that all payments but the last were barred by the statute of limitations, this referred to each payment of principal and interest as it came due. The fact that those payments are now barred does not alter the nature of those installments as specified in the notes. *See Shonaker v. Citizens' Loan & Investment Co.,* 8 S.W.2d 566 (Tex.Civ.App.1928).[2]

■ Appellants also argue that the case should be remanded "for trial on the sole issue of what was paid and what was not paid in order to determine what was due at the time of the last payment." There are at least four reasons for our rejecting this contention. First, appellants never raised the affirmative defense of "payment" as required by Super.Ct.Civ.R. 8(c). Second, appellants did not raise that issue on appeal from the trial court's first grant of summary judgment, which appeal was before us in *Toomey v. Cammack, supra.* Third, appellants did not raise that issue in the trial

court below after remand from *Toomey v. Cammack, supra.* Fourth, the appellants had previously stated to this court that no principal payments were made after 1968.[3] Thus, we find this issue now foreclosed to appellants.

■ Appellants also argue that the trial court erroneously ordered interest to be paid on the notes from the date of the last payment rather than the date of demand. This argument directly contradicts the plain language of the applicable statute, D.C. Code 1973, § 15–108. The statute provides that "the judgment for the plaintiff *shall* include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract . . . until paid." (Emphasis added.) The exception to the mandatory application of this statute, as cited by appellants, is found in *Powers v. Metropolitan Life Insurance Co.,* 142 U.S.App.D.C. 95, 439 F.2d 605 (1971). In that case the court carved out a very narrow exception for interpleader actions in which equitable considerations demand such a result. *See Powers, supra* at 99–110, 439 F.2d at 609–10. We do not have here over-riding equitable considerations. The trial court therefore correctly held the statute applicable and required the payment of interest from the date the debt was due, *i. e.,* the date the final payment was payable.

*Affirmed.*

---

**2.** *But see Di Paolo v. Smith,* 117 N.E.2d 58 (Ohio P.Ct.1953). This court will not adopt the reasoning and significance of *Di Paolo v. Smith, supra,* and specifically finds the holding

and rationale of *Shonaker v. Citizens' Loan & Investment Co., supra,* more persuasive.

**3.** The notes were executed in December 1963 and the maturity date was December 18, 1970.