## KENNETH WAYNE AVERY ET UX. *v.* SIDNEY WEITZ

[No. 183, September Term, 1979.]

*Decided November 8, 1979.*

The cause was argued before MOORE, MELVIN and MASON, JJ.

*Wendelin I. Lipp,* with whom were *Arnold P. Popkin* and *Arnold P. Popkin, P.A.* on the brief, for appellants.

Submitted on brief by *Joseph L. Gibson, Jr.,* and *Mundy, Anderson & Gibson* for appellee.

MOORE, J., delivered the opinion of the Court.

There are two questions to be resolved in this appeal from a judgment entered on a cognovit promissory note payable in thirty-six monthly installments:

1) Whether the applicable statute of limitations is a bar to the recovery of unpaid installments which accrued more than three years before the entry of the confessed judgment?

2) Whether the stated 10% per annum interest rate violates applicable usury laws?

The trial court determined the answer to both questions to be in the negative and allowed the confessed judgment to be enrolled in the full amount sought by the plaintiff. For the reasons which follow, we believe that the trial court was incorrect in its answer to the first question and that recovery upon twelve of the installments is barred by the applicable statute of limitations. Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1974).

I

The record before us discloses that a promissory note payable to the order of Sidney Weitz, dated May 29, 1974, in the principal amount of $12,240.00, was guaranteed by Kenneth and Barbara Avery, appellants herein. Monthly payments of $340.00 were to commence on September 1, 1974 and run "until paid in full" — approximately thirty-six months. Except for the first installment of $340.00, no payment was made on the note. Mr. Weitz, the holder of the instrument, did not opt to accelerate the payment of the remaining installments as he was entitled to do under the terms of the note. Instead, on September 27, 1978, he filed a declaration in the Circuit Court for Prince George's County, along with the note, an affidavit and a line directing the clerk to confess a judgment against the Averys and in favor of himself for the full value of the note plus interest, costs, and attorney's fees.

The Averys promptly moved to vacate the judgment by confession. After some additional pleading during which the

various amounts at issue were corrected, the trial court denied the Averys' motion to vacate and ordered that the confessed judgment stand, as corrected. The Averys have appealed that order, raising the two issues set out above.

## II

According to the Averys, the trial court erred when it allowed Mr. Weitz to recover those installments which accrued more than three years prior to the entry of the confessed judgment on September 27, 1978. They cite *Williams v. Taylor,* 99 Md. 306, 57 A. 641 (1904) for the proposition that the statute of limitations begins to run on each individual installment as it becomes due under a note providing for the periodic payment of a debt. This common law rule is the firmly entrenched law in Maryland. *See: United States v. Myers,* 308 F.Supp. 859 (D.Md. 1970); *Kleiman v. Kolker,* 189 Md. 647, 57 A.2d 297 (1948); *Santini v. Fritkin,* 240 Md. 542, 214 A.2d 578 (1965). If the rule applies to this case, recovery would be barred upon the installments which fell due during the period of September 1, 1974 through September 1, 1975.[1]

Mr. Weitz seeks to avoid the statute of limitations by arguing that the cognovit clause in this promissory note operated as a waiver of the common law rule and authorized entry of the confessed judgment "on or after maturity." It is not surprising that he has failed to cite any support for this proposition because the vast weight of authority holds that a cognovit clause does not operate as a waiver of the statute of limitations. *Parsons v. Lurie,* 400 Ill. 498, 81 N.E.2d 182 (1948); *Williams v. Wilborne,* 170 Tenn. 289, 95 S.W.2d 41 (1936). *See: Annot.,* 21 A.L.R. 774 (1922). We believe that the views expressed in those opinions are sound and that a cognovit clause in a promissory note, standing alone, does not waive the statute of limitations as to installments coming due during the life of the note.

---

1. The September 1, 1974 installment was paid; therefore, only twelve installments would actually be barred by the statute of limitations: October 1, 1974 through September 1, 1975.

This cannot be the end of our inquiry, however, for the adoption of the Uniform Commercial Code followed *Williams v. Taylor, supra,* 99 Md. 306, 57 A. 641 (1904), and the other Maryland cases, cited above, touching upon this problem. Md.Com.Law Code Ann. § 3-122(1) (1975) provides in pertinent part: "A cause of action against a maker or an acceptor accrues . . . [i]n the case of a time instrument on the day after maturity. . . ." Nowhere is there any provision in the Code for the accrual of a cause of action which is specifically applicable to a promissory note payable in periodic installments. The naked language of § 3-122(1) would seem to anticipate only one day of maturity per "instrument," and thereby delay the running of the statute of limitations until the entire instrument matures. If this were to be the import of that section, then a holder of an installment note without an acceleration provision would be required to wait, despite a default, until the entire note matured before any recovery could be had because the cause of action would not accrue until the day after maturity.

We do not think that UCC 3-122(1) was designed to supplant the established common law rule in such wholesale fashion. The Code provides that "the principles of law and equity, including the law merchant . . . shall supplement its [the UCC's] provisions. . . ." Md.Com.Law Code Ann. § 1-103 (1975). In deciding this question, the Oklahoma Supreme Court came to the conclusion "that the statute of limitations begins to run against each installment on the day following its maturity" despite the language of UCC § 3-122(1). *Oklahoma Brick Corp. v. McCall,* 497 P.2d 215, 217 (Okla. 1972). We agree and therefore hold that the common law rule of *Williams v. Taylor, supra,* 99 Md. 306, 57 A. 641 (1904) supplements the provisions of Md.Com.Law Code Ann. § 3-122 (1975). *See also Toomey v. Cammack,* 345 A.2d 453, 455 n.5 (1975), *appeal after remand,* 379 A.2d 700 (D.C. 1977).

In light of the foregoing, the trial court erred when it allowed Mr. Weitz to recover the unpaid installments and interest which fell due prior to September 27, 1975. This error mandates reversal of the judgment and recalculation by the trial court of the proper amounts recoverable by the appellee, Mr. Weitz.

### III

The Averys also argue that the note's stated rate of interest, 10% per annum on the unpaid balance, violates the Maryland Usury Statute. Md.Com.Law Code Ann. § 12-102 (1975). They ask us to declare their entire debt void, or, in the alternative, they ask that Mr. Weitz be denied recovery of the excessive interest over 6% and be fined $500.00, said penalty to be forfeited to the Averys pursuant to Md. Com. Law Code Ann. § 12-114 (a) (ii) (1975).

On May 29, 1974, the date on which this promissory note was signed, the Commercial Law article of the Maryland Code had yet to be enacted. Instead, this transaction must be judged by the law that then pertained, namely, Md. Code Ann., art. 49 (1972). It is our view that this promissory note charged a legal rate of interest under Md. Code Ann., art. 49 § 5 (1972), which presently exists, although in greatly amended form, in Md. Com. Law Code Ann. § 12-103(c) (Cum. Supp. 1979). Both statutes permit an annual interest rate of 12% for certain installment loans unsecured by real property or certain securities. The relevant section in effect when the instant note was signed provided, in pertinent part:

> "Interest may be charged on loans not secured by a mortgage or deed of trust on real property or on loans not fully secured by negotiable stocks, bonds or bank deposits where the borrower is required to repay the indebtedness in equal or substantially equal monthly, or other periodic, installments, at a rate not in excess of twelve percent (12%) per annum simple interest on the unpaid balance of the loan under an agreement in writing between the lender and the borrower."

1968 Md. Laws, ch. 453 § 1, previously codified in Md. Code Ann., art. 49 § 5(a) (1972). See *Commissioner of Small Loans v. First National Bank of Maryland,* 268 Md. 305, 307, 300 A.2d 685, 687 (1973).

It is apparent that the instant promissory note qualifies under this section. The note is unsecured and payable in equal monthly installments. The interest rate does not exceed

twelve percent per annum simple interest on the unpaid balance, and the agreement is in writing. The Averys' allegations of usury are without merit.

In light of the foregoing discussion, we find it unnecessary to consider the Averys' argument that the note represented a personal loan rather than a corporate obligation. Under Md. Code Ann., art. 49 § 5 (1972), as then in effect, the identity of the obligor, corporate or individual, is immaterial.[2]

> *Judgment vacated; cause remanded for entry of a revised judgment in accordance with this opinion; costs to be paid by appellee.*

---

2. The potential usury problem stems from the makers' signatures on the face of the note. By rubber stamp, the following appears on the first line reserved for a maker's signature: "Buck's Auto Body, Inc. T/A Autocraft." Below that is the signature of "Kenneth Wayne Avery" without designation of any representative capacity. On the reverse of the note Mr. and Mrs. Avery signed as guarantors.

The Averys contended that the declaration was upon their personal obligation, not a corporate indebtedness, and that the interest rate was usurious as to them. We have no occasion here to consider whether Mr. Avery's failure to indicate the capacity in which he signed, as principal or agent, was sufficient to justify the defense of usury. *See,* however, Md. Com. Law Code Ann. § 3-403(2) (1975) and official comment 3, which would appear to make Mr. Avery personally obligated on the note as a co-maker "[e]xcept as otherwise established between the immediate parties. . . ."