The UNITED STATES of America, on Behalf of its Agency, The SMALL BUSINESS ADMINISTRATION

v.

Louis RICHARDSON, Appellant.

No. 89–1080.

United States Court of Appeals, Third Circuit.

Argued June 26, 1989.

Decided Oct. 16, 1989.

As Amended Nov. 28, 1989.

Joseph A. Torregrossa (argued), Morgan, Lewis & Bockius, Philadelphia, Pa., for appellant.

John R. Abbott (argued), U.S. Small Business Admin., King of Prussia, Pa., for appellee.

Before MANSMANN, SCIRICA and SEITZ, Circuit Judges.

**OPINION OF THE COURT**

SCIRICA, Circuit Judge.

This is an appeal from the denial of a motion under Fed.R.Civ.P. 60(b) to open a confessed judgment entered in favor of the Small Business Administration against appellant Louis Richardson. We hold that Richardson did not waive his right to assert the defense of the applicable statute of limitations to the confession of judgment. Therefore, we will reverse the order of the district court and remand for proceedings consistent with this opinion.

## I.

In 1975, Louis Richardson and his wife, Loretta Massey, founded and were principal owners of a court reporting service known as Rapid Reporting, Inc. On September 14, 1977, Rapid Reporting obtained a business loan from Girard Trust Bank for $32,500.00. Richardson signed a note for the loan, which contained a confession of judgment clause providing:

> The undersigned hereby authorizes and empowers any attorney or clerk of any Court of record in the United States or elsewhere to appear for and, with or without declaration filed, confess judgment against the undersigned in favor of the holder assignee or successor of holder of the Note, at any term, for the full or total amount of this Note, together with all indebtedness provided for therein, with costs of suit and attorney's commission of fifteen (15) percent for collection; and the Undersigned expressly releases all errors, waives all stay of execution, rights of inquisition and extension upon any levy upon real estate and all exemption of property from levy and sale upon any execution hereon; and the Undersigned expressly agrees to condemnation and expressly relinquishes all rights to benefits or exemptions under any and all exemption laws now in force or which hereafter may be enacted.

The Small Business Association (SBA) guaranteed ninety percent of the loan. Richardson also guaranteed the loan under a "Small Business Association Guaranty." In the guaranty, Richardson signed a confession of judgment clause, similar to that above, providing:

> The undersigned hereby authorizes and empowers any Attorney of any court of record in the United States or elsewhere to appear for and, with or without declaration filed, to confess judgment against the undersigned in favor of the Lender stated in the Guaranty on the reverse hereof, or any assignee or successor of the Lender, with interest, at any time for the principal amount of the loan as set forth in the Guaranty, with interest, as of any term, past, present or future, with cost of suit and Attorney's commission of 15% for collection. The undersigned expressly releases all errors, and expressly waives all stays of execution, all rights of inquisition, any extension upon any levy upon real estate and all exemption of property from levy and sale upon any execution hereon; and the undersigned expressly agrees to condemnation and expressly relinquishes any and all benefit from any and all appraisement, stay or exemption laws now in force or hereafter enacted.

Richardson made monthly payments on the loan from October 1977 through March 1980. After Richardson failed to make further payments, Girard Bank demanded payment of the remaining principal and interest. Subsequently, Girard Bank assigned its interest in the note and guaranty to the SBA. By letter dated August 12, 1980, the SBA demanded from Richardson immediate payment of the loan balance, $18,950.00, plus accrued interest. Although Richardson paid nothing, the SBA was able to recover part of the debt over the next few years from the sale of business equipment and real estate pledged as collateral for the loan.[1]

By letter dated November 19, 1987, the SBA again contacted Richardson and demanded payment for the outstanding balance, $19,960.40, plus accrued interest. Failing to receive a response, the SBA filed a suit on May 24, 1988 in the United States District Court to enter a confession of judgment in the amount of $38,315.44. The clerk of the court entered judgment for the SBA for that amount plus interest.

On July 19, 1988, Richardson filed with the district court a motion to open the confessed judgment, pursuant to Fed.R. Civ.P. 60(b). He also filed a motion under Fed.R.Civ.P. 62(b) requesting that the

---

1. In December 1982, some of Rapid Reporting's business equipment, which had been seized by the Federal Bureau of Investigation, was sold by an auctioneer for $750.00. Of this money, the SBA recovered $402.08. In November 1985, the SBA also recovered $8,770.71 from the sale of real estate pledged as collateral for the loan.

court stay execution of the confessed judgment pending disposition of the concurrent Rule 60(b) motion. The district court granted the stay, and ordered that the SBA provide Richardson with a complete accounting to determine if assets sufficient to satisfy the debt were made available to the SBA after the loan default. After the SBA provided the accounting, the district court lifted the stay on execution of the judgment.[2] In a later order clarifying that there were no defects in the confession of judgment procedure, the district court stated that the statute of limitations was not "applicable in this case, because, by the clear wording of the confession clause, [Richardson] has waived these defenses." This appeal followed.

## II.

■ The SBA brought this action against Richardson under 28 U.S.C. § 1345 (1982), which gives the district court original jurisdiction over all actions commenced by the United States or any agency. The note executed by Richardson in favor of Girard Bank provides, "pursuant to Part 101 of the Rules and Regulations of SBA (13 C.F.R. 101.1(d)), this instrument is to be construed and (when SBA is the Holder or a party in interest) enforced in accordance with applicable Federal law." In addition to this choice of law clause, when federal court jurisdiction is founded upon the United States being a plaintiff, the court is not obligated, as in diversity suits, to apply state law, but is free to fashion a federal rule of decision. *Clearfield Trust Co. v. United States*, 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943) ("[i]n absence of an applicable Act of Congress it is for the federal courts to fashion the governing rule of law according to their own standards"); *see also United States v. Little*

*Lake Misere Land Co., Inc.*, 412 U.S. 580, 593, 93 S.Ct. 2389, 2397, 37 L.Ed.2d 187 (1973). Therefore, we apply federal law to determine whether the district court erred in determining that Richardson had effectively waived the statute of limitations defense in the confession of judgment.

■ Richardson contends that the SBA's action is barred by the six-year statute of limitations found in 28 U.S.C. § 2415(a) (1987), because the default occurred in 1980 and this action was commenced in 1988. Therefore, we must determine whether this provision applies to actions brought by the SBA to enforce guarantees on defaulted loans. Section 2415(a) provides, in part, that "... every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ..." We hold that § 2415(a) applies to actions brought by the SBA to enforce guarantees on defaulted loans. *See United States ex rel. Small Business Assoc. v. Kurtz*, 525 F.Supp. 734, 740 (E.D.Pa.1981), *aff'd*, 688 F.2d 827 (3d Cir.), *cert. denied*, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982). Thus, we must decide whether the confession clause contained an effective waiver of the statute of limitations defense.

The SBA submits that Richardson knowingly waived the statute of limitations defense in the confession of judgment clause contained in the Small Business Association Guaranty. Richardson contends that as a general matter, the defense of the statute of limitations may never be waived in advance. In addition, he asserts that in this case, the language of the contract is insufficient to constitute a waiver.[3]

---

**2.** Richardson contends that there were assets available to satisfy the loan at the time the loan was assigned to the SBA, and that they remain unaccounted for in the accounting the SBA submitted to the court. According to Richardson, these assets include: (1) Rapid Reporting's accounts receivable, estimated at $50,000 at the time the loan was assigned to the SBA; (2) two pieces of computer equipment, not presently accounted for, which were seized by the FBI

and turned over to the SBA; and (3) equity in four real properties, business assets, and other collateral assigned to the SBA.

**3.** Richardson raises other challenges to the confession of judgment, namely, that (1) the complaint is barred by the doctrine of laches, (2) the complaint is barred by payment of the loan and/or the SBA's failure to apply available collateral to the obligation, and (3) the confession

For reasons that follow, we think that the language "at any time" lacks sufficient specificity in the context of this paragraph to constitute a valid advance waiver of the statute of limitations. Because we are construing the legal operation of a contract to determine whether it contains a valid statute of limitations waiver, our review of the district court's decision is plenary. *John F. Harkins Co., Inc. v. Waldinger Corp.*, 796 F.2d 657, 659 (3d Cir.1986) (contract construction is a question of law mandating plenary review) (citing *Ram Construction Co. v. American States Insurance Co.*, 749 F.2d 1049, 1053 (3d Cir.1984)), *cert. denied*, 479 U.S. 1059, 107 S.Ct. 939, 93 L.Ed.2d 989 (1987).

In maintaining that Richardson has expressly waived the statute of limitations, the SBA relies on the portion of the confession clause which provides:

> The undersigned hereby authorizes and empowers any Attorney of any court of record in the United States or elsewhere to appear for and, with or without declaration filed, to confess judgment against the undersigned in favor of the Lender stated in the Guaranty on the reverse hereof, or any assignee or successor of the Lender, with interest, *at any time* for the principal amount of the loan as set forth in the Guaranty, with interest, as of any term, past, present or future, with cost of suit and Attorney's commission of 15% for collection.

(Emphasis added). As noted, we find that the operative phrase in this section, "at any time," lacks sufficient specificity to put the reader on notice of its consequences at the inception of the transactions. Not only does this phrase remain undefined, the paragraph fails to make any mention whatsoever of the term "statute of limitations." More significantly, the lack of explicitness of this purported waiver stands in stark contrast to the clarity of other waivers, not at issue here, that are contained in the same paragraph. This paragraph also specifies that:

> The undersigned *expressly releases* all errors, and *expressly waives* all stays of execution ... and the undersigned *expressly agrees* to condemnation and *expressly relinquishes* any and all benefit from any and all appraisement, stay or exemption laws now in force or hereafter enacted.

(Emphasis added). It is evident, therefore, that the SBA knows how to draft contract language providing for an express waiver. They did not do so for the statute of limitations. Consequently, we find that the language "at any time," in this context, is insufficient to constitute a waiver.

We rest our decision to require a more express waiver of the limitations on the strong policy considerations underlying the enactment of statutes of limitations. Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352, 103 S.Ct. 2392, 2397, 76 L.Ed.2d 628 (1983). Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time." *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979). The Supreme Court has recognized that statutes of limitations are not "simply technicalities," but rather, "fundamental to a well-ordered judicial system." *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 487, 100 S.Ct. 1790, 1796, 64 L.Ed.2d 440 (1980). These policies have led commentators to generalize that "[t]he promise of the defendant not to raise the defense of the expiration of the limitations period must either be express or couched in words clearly conveying the defendant's intention not to plead the statutory bar." 18 *Williston on Contracts* § 2027D (3d ed.1978).[4] Given this well-de-

---

of judgment procedure violated his due process rights. Because of our disposition on the statute of limitations issue, we need not reach these matters.

**4.** *Cf. Holiday Homes of St. John, Inc. v. Lockhart*, 678 F.2d 1176, 1184 (3d Cir.1982) ("ambiguities in a contract should be resolved against the party who drafted it"); *Restatement (Second) of Contracts* § 206 (1981).

fined policy, we hold that a statute of limitations waiver must be more clear than the one we find in this case.

We do not reach the issue whether a statute of limitations can be waived by explicit language in a confession of judgment clause [5] or whether an open-ended waiver may be accomplished by other means. We decide only that the language at issue in this case is insufficient to constitute a waiver.[6]

On remand, the district court may consider the defense of the statute of limitations, including the date the statute of limitations commenced and whether it was tolled for any period of time. If Richardson's limitations defense fails, the district court may then consider Richardson's claim that the SBA failed to apply available collateral to satisfy the loan at the time of its assignment to the SBA, and allow discovery in connection with this claim.

We will reverse the order of the district court and remand to the district court for proceedings consistent with this opinion.

**5.** Even though we follow federal law, we note that states that have considered this issue have almost uniformly reached similar conclusions. *Gordon v. Heller,* 271 Mich. 240, 243, 260 N.W. 156, 157 (where clause granted warrant of attorney to confess judgment "as of any ... time," court applying Pennsylvania law stated, "'warrant of attorney to confess judgment becomes ineffective as soon as the statute of limitations has run against the debt upon which this was based'") (citation omitted), *cert. denied,* 296 U.S. 619, 56 S.Ct. 140, 80 L.Ed. 440 (1935); *Alliance First Nat'l Bank v. Spies,* 158 Ohio St. 499, 501, 110 N.E.2d 483, 484–85 (1953) ("[i]t is well established that a warrant of attorney to confess judgment on an obligation, even if it does contain [a clause permitting confession of judgment "at any time after ... obligation becomes due"], does not authorize a confession of judgment

after an action on the obligation has become barred by a statute of limitations" (citations omitted) (emphasis omitted)); *see also Avery v. Weitz,* 44 Md.App. 152, 154, 407 A.2d 769, 771 (1979) (adopting "the vast weight of authority [that] holds that a cognovit clause does not operate as a waiver of the statute of limitations") (citations omitted).

**6.** We note that commentators have not favored waivers of statutes of limitations in the initial contract. 1A *Corbin on Contracts* § 218 (1963); 18 *Williston* § 2070; *see also United Fruit Co. v. J.A. Folger & Co.,* 270 F.2d 666, 668 n. 1 (5th Cir.1959), *cert. denied,* 362 U.S. 911, 80 S.Ct. 682, 4 L.Ed.2d 619 (1960); *cf. Midstate Horticultural Co., Inc. v. Pennsylvania R.R. Co.,* 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96 (1943).