**UNITED STATES of America, Plaintiff,**

v.

**Carl B. SCHOENHARD, Jr., Defendant.**

**No. 92 C 20095.**

United States District Court,
N.D. Illinois, W.D.

April 27, 1993.

---

Keith C. Syfert, U.S. Atty's. Office, Rockford, IL, for plaintiff.

Lloyd R. McCumber, Heyl, Royster, Voelker & Allen, Rockford, IL, for defendant.

## ORDER

REINHARD, District Judge.

### INTRODUCTION

Plaintiff, the United States of America, has filed a complaint on behalf of the Small Business Administration (SBA) against defendant, Carl B. Schoenhard, Jr., seeking to recover the principal sum of $360,000 plus interest pursuant to a written guaranty executed by defendant.[1] Defendant has filed a motion for summary judgment.

### FACTS

Defendant, as the party seeking summary judgment, has filed a "Rule 12($l$)" statement in support thereof.[2] Plaintiff has filed a Rule 12(n) response. The following facts are based on these two statements.[3]

On or about April 1, 1986, Canton State Bank of Canton, Illinois (Bank), loaned International Plastics Recycling, Inc. (International Plastics) the principal sum of $360,000. International Plastics made, executed and delivered to the bank a written promissory note, dated April 1, 1986,[4] in the amount of

---

1. This court has jurisdiction under 28 U.S.C. § 1345 which provides: "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

2. Because it appears that defendant intended to comply with the dictates of Local Rule 12(m), and because the government has not objected to the reference to Rule 12($l$), this court will treat defendant's factual statement in support of its summary judgment motion as one pursuant to Rule 12(m).

3. The court will also look to the affidavits and exhibits that have been made part of the pleadings herein.

4. Although not material to the court's disposition of defendant's motion for summary judgment, it is noteworthy that the affidavit of Allen Kilgore, a loan officer at the SBA, states that upon examining the original note he determined that the date of March 27 had been "whited-out" and the date of April 1, 1986, had been typed in.

$360,000. This note, a copy of which is attached to plaintiff's complaint, provides, in relevant part, that the rate of interest is 12.25%.

Defendant signed a written guaranty dated March 27, 1986.[5] That guaranty provided, in pertinent part, that it is made "to induce" the bank to loan money to International Plastics. The guaranty further states that defendant guarantees the debt evidenced by the note of International Plastics "dated *3/27/86* " and "in the principal amount of *$360,000.00* with interest at the rate of *12¼%* per cent." (Underline in original.)

On January 27, 1989, the bank assigned both the note and the guaranty to the SBA. The SBA presently holds both the note and the guaranty. International Plastics defaulted on the note, and the balance of the note ($360,000.00) plus interest ($219,654.25 as of March 12, 1992, plus $120.82 per day until paid) is due and payable.

## CONTENTIONS

Defendant contends that he is entitled to summary judgment because the guaranty signed by him does not apply to the note given by International Plastics. Specifically, defendant maintains that plaintiff has not alleged that a note dated March 27, 1986, ever existed or that the April 1, 1986, note is a renewal of a note dated March 27, 1986. Plaintiff responds that defendant is not excused from his obligation under the guaranty simply because of a discrepancy between the date on the note and the date on the guaranty. Furthermore, plaintiff argues that such a guaranty is enforceable notwithstanding that the note was executed on a different date. Lastly, plaintiff asserts that under Illinois law the guaranty is enforceable because it accurately reflects the intent of the parties that it apply to the note dated April 1, 1986.

**5.** Plaintiff states that defendant's signature on the guaranty is authentic. In support thereof, plaintiff submits the affidavits of Les Carl (employee of the bank) and Dennis Mortland (former employee of the bank) which both state defendant executed the guaranty in the affiant's presence. The affiants further state that both the note and the guaranty were executed as part of

## DISCUSSION

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11. In that regard, the evidence of the non-movant is to be believed, and all reasonable inferences are to be drawn in its favor. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14. The question to be determined is whether, if the record of the summary judgment proceeding were the record at trial, a reasonable factfinder could find in favor of the non-moving party. *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 332 (7th Cir. 1993).

■ The court's initial determination in this case is what law to apply.[6] Section 1345 jurisdiction does not itself mandate the application of federal law in all circumstances. *United States v. Little Lake Misere Land Co.,* 412 U.S. 580, 591, 93 S.Ct. 2389, 2396, 37 L.Ed.2d 187 (1973). However, dealings that are ordinary or local if between private citizens raise serious questions of national sovereignty when they arise in the context of a specific federal statutory provision. *Little Lake,* 412 U.S. at 592, 93 S.Ct. at 2396–97. This is especially true when transactions involve the federal government. *Little Lake,* 412 U.S. at 592, 93 S.Ct. at 2396–97. Even if there is no specific federal legislation governing a particular transaction to which the United States is a party, a federal court is competent to declare the governing law in an

the same transaction regarding the $360,000 loan to International Plastics.

**6.** Defendant, without any citation of authority, cites Illinois law in support of his position. Plaintiff, on the other hand, points out that federal law should apply but further argues that it should prevail even under Illinois law.

area embracing issues substantially related to an established program of government operation. *Little Lake,* 412 U.S. at 593, 93 S.Ct. at 2397. In the absence of an applicable Congressional act, it is for the federal courts to fashion the governing rule of law according to their own standards. *Little Lake,* 412 U.S. at 594, 93 S.Ct. at 2397–98.

■ Federal courts may, however, borrow from state law under the appropriate circumstances. *Little Lake,* 412 U.S. at 594, 93 S.Ct. at 2397–98 (citing *Clearfield Trust Co. v. United States,* 318 U.S. 363, 367, 63 S.Ct. 573, 575, 87 L.Ed. 838 (1943)). Whether state law is to be applied is a question of federal policy, affecting not only the federal judicial establishment but also the federal government's legal interests and relations. *Little Lake,* 412 U.S. at 595, 93 S.Ct. at 2398. Such a decision depends upon a variety of considerations related to the nature of the specific governmental interests and to the effects upon them of applying state law. *Little Lake,* 412 U.S. at 595, 93 S.Ct. at 2398. Thus, it becomes necessary for a federal court, in deciding whether to utilize state law in fashioning a decisional rule in this context, to determine what harm, if any, the state law will have on the federal interests at stake.

In the context of actions involving the SBA, the Seventh Circuit has held that on certain issues, such as impairment of collateral and the right to notice, state commercial law may be applied to the extent it does not conflict with the federal interest in uniformity. *United States v. Meadors,* 753 F.2d 590, 592 (7th Cir.1985). Similarly, the Supreme Court has concluded that state law may be applied to the issue of the priority of a lien arising under an SBA loan because "businessmen depend on state commercial law to provide the stability essential for reliable evaluation of the risks involved." *United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 739, 99 S.Ct. 1448, 1464, 59 L.Ed.2d 711

(1979). Likewise, the Seventh Circuit, in *United States v. Lair,* 854 F.2d 233, 237 (7th Cir.1988), looked to Indiana law in addressing the issue of whether the SBA was required to sell collateral in a commercially reasonable fashion.

■ This court has not found, nor have the parties cited to, any case directly addressing the issue of whether a federal court may apply state law to the question of the enforceability of an SBA guaranty.[7] The Code of Federal Regulations provides that a guaranty agreement held by the SBA "shall be construed and enforced in accordance with applicable Federal law." 13 C.F.R. § 101.1(d). The Third Circuit has held that a note referring to this section of the Code of Federal Regulations as its choice-of-law clause supports the application of federal law exclusive of state law. *United States v. Richardson,* 889 F.2d 37, 39 (3d Cir.1989); *see also United States v. Lowell,* 557 F.2d 70 (6th Cir.1977) (stating that 13 C.F.R. § 101.-1(d) was a legislative directive to apply federal law to SBA loans).

This authority, however, does not preclude the court from looking to state law as to the enforceability of such a guaranty in light of *Clearfield Trust, Little Lake* and *Kimbell Foods.* Section 101.1(d) may fairly be read to embrace the existing decisional law that provides for discretionary application of state law in fashioning what the appropriate federal law will be. Thus, the use of the language "federal law" in section 101.1(d) necessarily contemplates application of state law under the appropriate circumstances. As to the Third Circuit case, *United States v. Richardson,* it may be read narrowly as it addressed the issue of the waiver of a statute of limitations defense. Issues concerning a statute of limitations are generally best addressed by a single federal decisional rule to maintain uniformity, as the states have varying statutes of limitations and rules related thereto. Fur-

---

7. One district court has addressed a similar situation as the one before this court. The court there, while ruling in favor of the government, did so without citation to any authority and absent any discussion of whether state law had any applicability to the issue before it. *United States v. Lowy,* 703 F.Supp. 1040, 1046 (E.D.N.Y.1989). On the other hand, the Kansas District Court, without discussing the question, applied Kansas state law to the issue of whether an SBA guaranty was enforceable because it had a date different than the one on the promissory note. *United States v. S and B Hogs, Inc.,* No. 89–1633–T, 1992 WL 190638, 1992 U.S.Dist.Lexis 11549 (D.Kan. July 16, 1992).

thermore, statutes of limitations, unlike state uniform commercial codes, do not have a direct affect on the business dealings in a particular state. While businessmen generally rely on commercial law when engaging in commercial transactions, the same cannot be said for a statute of limitations which only takes on significance once a deal has gone sour.

While there is not an abundance of federal decisional law bearing on the issue of the enforceability of the guaranty in this case, there are two cases that are relevant. In *United States v. S and B Hogs, Inc.*, No. 89–1633–T, 1992 WL 190638, 1992 U.S.Dist.Lexis 11549 (D.Kan. July 16, 1992), the defendants asserted as a defense an error in an SBA guaranty. The guaranty referred to a promissory note dated November 5, 1977, instead of the note's actual date of October 6, 1977. *S and B Hogs*, No. 89–1633–T, 1992 WL 190638 at 3, 1992 U.S.Dist.Lexis 11549 at 13. The following evidence was considered relevant: (1) other guaranties executed by defendants related to the same note and were dated the same as the note; (2) the incorrect date on the guaranty was handwritten whereas the dates on the other guaranties were typed; (3) defendants did not allege there was another note dated November 5, 1977, and corresponding to the November 5, 1977, guaranty; and (4) the note referred to in the misdated guaranty was for the same principal sum and same interest rate as set forth in the notes dated October 6, 1977. *S and B Hogs*, No. 89–1633–T, 1992 WL 190638 at 4, 1992 U.S.Dist.Lexis 11549 at 13. Based on that evidence, the court concluded that the error in the date on the contested guaranty was nothing more than clerical and in no way affected the validity of the guaranty. *S and B Hogs*, No. 89–1633–T, 1992 WL 190638 at 5, 1992 U.S.Dist.Lexis 11549 at 13–14.

The district court in *United States v. Lowy*, 703 F.Supp. 1040 (E.D.N.Y.1989), ruled similarly in an analogous situation. There, defendants sought to escape liability under an SBA guaranty because the guaran-

ty referred to a note as having been made on May 6, 1976 (the date of the guaranty) rather than on June 29, 1976, the true date of the note. *Lowy*, 703 F.Supp. at 1046. As the court noted, defendants could not explain what it was they were guaranteeing when they signed the May 6, 1976, guaranty. *Lowy*, 703 F.Supp. at 1046. Nor could defendants explain why the lender, amount and interest of the note referred to in the guaranty were exactly the same as the lender, amount and interest in the June 29, 1976, note. *Lowy*, 703 F.Supp. at 1046. The district court would not permit defendants to escape their obligations on the basis of a "trivial clerical error." *Lowy*, 703 F.Supp. at 1046.

■ The facts in this case are strikingly similar to those in *S and B Hogs* and *Lowy*. The guaranty here was dated March 27, 1986, and referred to a note dated March 27, 1986. That fact alone, of course, arguably suggests that the April 1, 1986, note was not the note guaranteed by the guaranty. The other relevant facts, however, lead to an opposite conclusion. The guaranty specifically stated that it was made to induce the bank to loan money to International Plastics. The parties to the April 1 note are none other than the bank and International Plastics. Furthermore, the guaranty refers to a note in the principal amount of $360,000 with interest at 12.25%. Again, the April 1 note also sets forth a principal sum of $360,000 at an interest rate of 12.25%. It is quite apparent, absent some evidence of another note between the bank and International Plastics actually dated March 27, 1986, and for the amount of $360,000 at 12.25% interest, that the reference to the note dated March 27, 1986, in the guaranty was nothing more than an error. Such a minor oversight, under these circumstances, should not provide the basis for defendant to escape his obligations under the guaranty.[8] In the context of this motion for summary judgment, defendant has not shown he is entitled to summary judgment as a matter of law.

---

8. Because the court has found federal decisional law adequate to dispose of the issue raised by defendant's motion for summary judgment, it need not look to state law. Nevertheless, the court's research of Illinois law applicable to guaranties would lead to the same conclusion were it to utilize that case law in this case.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied.